[Civ. No. 17505. First Dist., Div. One. Feb. 19, 1958.]

GROVER MacLEOD, Appellant, v. TRIBUNE PUBLISHING COMPANY, INC. (a Corporation) et al., Respondents.

---

*Assigned by Chairman of Judicial Council.

Jay Graves and Donald MacLeod for Appellant.

Price, MacDonald & Knox and Houlihan & Brown for Respondents.

McMURRAY, J. pro tem.*—On April 5, 1956, plaintiff prepared a request for dismissal without prejudice, which was filed the same day. A notation to that effect was made on the clerk's Register of Actions. On April 30, 1956, a judgment of dismissal in favor of the defendants was filed, awarding attorney's fees in the sum of $100 to defendants, together with costs. This judgment was entered on May 2, 1956, the same day the defendants filed a memorandum of costs.

On May 4, 1956, plaintiff noticed a motion for the date of May 14, 1956, to vacate the order for attorney's fees and to tax costs. The basis for this motion was that the cost bill was filed too late. The court denied the motion to vacate the order for attorney's fees and costs and granted the motion to tax costs, taxing them at $316.50. This appeal is taken upon the ground that the court's order denying the motion to vacate the order for attorney's fees and its order taxing costs were erroneous.

The original judgment of April 30, 1956, awarding attorney's fees in the sum of $100 was entered in conformity with the provisions of section 836, Code of Civil Procedure, which expressly authorizes such award upon a dismissal by plaintiff of a libel action, which was the form of action in the instant case.

Appellant in this appeal contends that the cost bill was filed too late and that his motion to vacate the order for court costs and attorney's fees should have been granted. The appellant's objection to the filing of the cost memorandum was timely made, which is necessary in order to preserve the objection on appeal (*San Francisco etc. Sch. Dist.* v. *Board of Nat. Missions,* 129 Cal.App.2d 236 [276 P.2d 829]), as it ap-

*Assigned by Chairman of Judicial Council.

pears that the appellant's notice of motion in this case was filed within two days after the filing of the memorandum of costs.

Appellant's motion appears to have been predicated upon Code of Civil Procedure, section 1033, which provides in part: "In superior courts . . . the party in whose favor the judgment is ordered, and who claims his costs, must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than ten (10) days after the entry of the judgment, a memorandum of the items of his costs and necessary disbursements in the action or proceeding . . ."

We have before us, therefore, the question as to whether "the entry of judgment" is the entry of the notation in the clerk's register that a "dismissal without prejudice" was filed on April 5, or the entry of the dismissal judgment on May 2.

There are two cases decided before the 1955 amendment to section 1033 of the Code of Civil Procedure which state by way of dicta that "judgment" means the entry of the dismissal in the clerk's register. The section then required that the memorandum of costs be filed "not later than five (5) days after the verdict, or, if the action is tried without a jury, not later than five (5) days after notice of the entry of the judgment." These cases are *Fisher* v. *Eckert,* 94 Cal. App.2d 890 [212 P.2d 64], and *Hauptman* v. *Heebner,* 34 Cal.App.2d 600 [94 P.2d 48]. Neither of these cases is here governing, however, since the code section has been amended since their decision. The section, as will be noted, before these decisions required the filing of the memorandum to be after notice of entry of judgment in court cases, which provision is omitted from the amendment made to section 1033 in 1955.

Appellant argues that section 581d of the Code of Civil Procedure is governing here, and that the written dismissal of an action is in fact the judgment. It should be noted that the first paragraph of section 581d providing that such dismissals shall be effective for all purposes makes no provision for costs to the prevailing party. Section 1032 of the Code of Civil Procedure provides that a defendant, as to whom the action is dismissed, is entitled to his costs as a matter of course. Code of Civil Procedure, section 581d, reads as follows: "A written dismissal of an action shall be entered in the clerk's register or in the docket in the justice court, as the case may be, and is effective for all purposes when so entered.

"All dismissals ordered by the court shall be entered upon

the minutes thereof or in the docket in the justice court, as the case may be, and such orders when so entered shall constitute judgments and be effective for all purposes, and the clerk in superior and municipal courts shall note such judgments in his register of actions in the case.''

The first paragraph of section 581d expressly provides that a written dismissal of an action which is entered in the clerk's register is a bar to any further proceedings in that action, but it does not provide that such written dismissal so entered in the clerk's register is a judgment, but merely that it is effective as a dismissal of the principal action. The second paragraph, however, clearly contemplates court orders of dismissal and further provides that such orders shall constitute judgments. It is apparent that the order obtained by the respondents here on April 30, 1956, which was entered on May 2, 1956, was a judgment such as is contemplated by the second paragraph of this section. We hold, therefore, that section 581d in order to be consonant with the other provisions of the Code of Civil Procedure and with the just and proper award of costs to a party who has been put to expense in defending a suit which is subsequently dismissed, requires that section 581d be construed as providing for a dismissal of the particular action by the first paragraph thereof, but that it must be read in the light of section 1033 and section 836 of the same code and that the second paragraph thereof provides when and how a judgment after such dismissal shall be obtained. To hold otherwise would be to place the burden upon a person involved in any litigation of constantly checking the clerk's records to see whether or not a dismissal has been entered without notice to him. We feel that this was not the intention of the legislation, and that the second paragraph of section 581d of the Code of Civil Procedure must be read so as to provide for the payment of costs to the prevailing party, in accordance with that portion of section 1033 of the Code of Civil Procedure, which reads as follows: ''The clerk or judge must include in the judgment entered up by him, any interest on the verdict or decision of the court, from the time it was rendered or made, and the costs, if the same have been taxed or ascertained; and he must, within two days after the same are tried or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose, and must make a similar insertion of the costs in the copies.''

The respondents in this matter have contended vigorously

that the record before this court is incomplete, that the judgment appealed from is nonappealable and that appellant cannot appeal from the order in his favor, they construing the order taxing costs to be a judgment favorable to appellant. These contentions are, however, without merit.

Appellant was granted permission to augment the record on appeal over respondents' objection, whereby there is now before this court the order of the trial court denying appellant's motion to vacate the order for attorney's fees and costs, contained in the judgment of April 30, 1956. That such an order is appealable as a special order after final judgment and within the provisions of Code of Civil Procedure, section 963, is almost self-evident; to hold otherwise would deny appellant the right to present to an appellate court the questions as to the timeliness of filing the cost bill and the propriety of the refusal to vacate the order for attorney's fees. Appealing from this order is the only way appellant can present his objection to the timeliness of filing the cost bill. (*San Francisco etc. Sch. Dist.* v. *Board of Nat. Missions, supra,* 129 Cal.App.2d 236; *Davis Lumber Co.* v. *Hubbell,* 137 Cal.App. 2d 148 [290 P. 2d 33].)

Respondents' position that the order taxing costs is not appealable as it was favorable to appellant in that it did tax costs is highly artificial, since such orders are again special orders after judgment and appealable under Code of Civil Procedure, section 963.

The record before us is assuredly not of the sort that is exemplary of good appellate practice, but it is sufficient to sustain an appeal. The orders appealed from are and each of them is affirmed.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.