[No. A120488. First Dist., Div. Three. Apr. 22, 2009.]

JACQUELYN FRIES, a Minor, etc., Plaintiff and Appellant, v.
RITE AID CORPORATION et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II. and III.

## COUNSEL

Joseph L. Schatz for Plaintiff and Appellant.

Kelly, Hockel & Klein, Jonathan Allan Klein and Thomas K. Hockel for Defendants and Respondents.

## OPINION

**SIGGINS, J.**—Must a defendant who seeks costs after a plaintiff's voluntary dismissal file a proposed judgment in addition to its memorandum of costs? We conclude that there is no legal requirement that a defendant file a proposed judgment. The trial court correctly denied plaintiff Jacquelyn Fries's motion to tax or strike costs, and we affirm the order and judgment awarding costs. However, we reverse two discovery orders issued after the case was dismissed because they were void due to the trial court's lack of jurisdiction.

## BACKGROUND

Fries, a minor, filed this action against Rite Aid Corporation and Richard Green through her guardian ad litem. The complaint alleged that Green, a Rite Aid security guard, detained and sexually molested Fries under the pretext that he was investigating a shoplifting incident.

On September 4, 2007, Fries filed a request for dismissal of the entire action without prejudice. She filed and served notice of entry of dismissal on September 10, 2007. On September 10 and September 12, 2007, Rite Aid and Green filed their respective memoranda of costs. Fries responded with a motion to strike or tax costs, in which she argued the memoranda of costs were procedurally defective because defendants failed to file proposed judgments or orders of dismissal when they filed the memoranda. Alternatively, she asserted that certain costs were not allowable, were unreasonable in amount, or were not reasonably necessary to the conduct of the litigation.

Several weeks before the hearing on the motion to strike or tax, Green sent the court a proposed judgment of dismissal. His cover letter explained: "As you know, the plaintiff has made much of some requirement that the defendants submit a proposed judgment with their cost bill. Although we do not concede this claim, out of an excess of caution, we did submit a proposed judgment. Thereafter, we received endorsed copies of all that we filed except the proposed judgment, which was returned with a note from the Clerk saying that the Clerk will not file this until after costs have been determined and that we need to insert the amount awarded by the Court before submitting the judgment."

The court rejected Fries's contention that defendants' failure to submit a proposed judgment with their costs memoranda barred recovery. The court noted that defendants complied with rule 3.1700 of the California Rules of Court[1] and observed that a practice guide Fries relied upon to argue the defendants were required to submit a proposed judgment "is interesting but . . . does not address the plain language of [rule] 3.1700 . . . ." The court taxed $2,638.96 of Rite Aid's claimed costs but otherwise approved both parties' costs bills.

---

[1] All further references to rules are to the California Rules of Court.

Green and Rite Aid submitted a proposed judgment that declared the action was dismissed without prejudice and awarded costs of $11,741.87 and $4,372.55 to Rite Aid and Green, respectively. This appeal timely followed.

## DISCUSSION

### I. *The Necessity for a Proposed Judgment Prior to an Award of Costs*

Fries contends the trial court was required to deny all claimed costs because defendants did not file a proposed judgment together with their costs memoranda. We disagree.

Rule 3.1700 governs the procedure for claiming costs. In relevant part, it provides: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Rule 3.1700(a)(1).)[2] Defendants complied with rule 3.1700 when they filed memoranda of costs within 15 days after the date the notice of entry of dismissal was served. The question is whether, as Fries maintains, defendants were also required to file a proposed judgment along with their memoranda of costs, even though rule 3.1700 does not provide that they must do so. Neither the cases nor the practice guide Fries cites to support her position are persuasive.

In *Boonyarit v. Payless Shoesource, Inc.* (2006) 145 Cal.App.4th 1188 [52 Cal.Rptr.3d 241], the plaintiff filed an amended complaint that omitted six defendants named in a previous complaint, including Payless. She then attempted to voluntarily dismiss those six defendants without prejudice, but the court clerk rejected her request for dismissal because she had not correctly completed the form. The error was never corrected and no dismissal was entered. Payless nonetheless filed a costs memorandum and was awarded costs. On appeal, the plaintiff contended that Payless should not have been awarded costs because there was no order or judgment of dismissal. (*Id.* at p. 1192.)

---

[2] Other provisions of rule 3.1700 address verification requirements, procedures for seeking costs after a default judgment (rule 3.1700(a)(2)), time and form requirements for motions to strike and tax costs, extensions of time, and the clerk's entering of costs on the judgment.

The Court of Appeal reversed. Rule 870, the predecessor of rule 3.1700, "contemplates the entry of a dismissal or judgment as a predicate to a costs award." (*Boonyarit v. Payless Shoesource, Inc., supra,* 145 Cal.App.4th at p. 1192.) In *Boonyarit* the necessary predicate was absent because the clerk rejected the dismissal form. "A dismissal is entered when it is entered in the clerk's register; it is thereafter effective for all purposes." (*Ibid.*) The court also rejected the argument that the amended complaint operated "in substance" as a dismissal of Payless for purposes of costs because "it cannot invoke the statutory right to costs until the dismissal has been perfected *through entry of an order or judgment of dismissal.*" (*Id.* at p. 1193, italics added.) But in this case, unlike in *Boonyarit,* a dismissal *was* entered. *Boonyarit,* therefore, is inapposite.

Nor does *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422 [111 Cal.Rptr.2d 837] support Fries's argument. There, Sanabria sued the Embreys. Scherer intervened in the action, and Sanabria cross-complained against Scherer. Sanabria later voluntarily dismissed the Embreys without prejudice and, on December 1, 1999, served and filed a notice of entry of dismissal as to them. Scherer's complaint-in-intervention and Sanabria's cross-complaint were subsequently resolved and notice of entry of judgment in favor of Scherer was served on May 3, 2000. (*Id.* at p. 424.) The Embreys filed a memorandum of costs 16 days later. (*Ibid.*)

The Court of Appeal held the Embreys' costs memorandum was untimely because it was not filed within 15 days from service of the notice of entry of dismissal. (*Sanabria v. Embrey, supra,* 92 Cal.App.4th at pp. 425–426.) Although the cross-actions between Scherer and Sanabria remained pending, the dismissal of the Embreys was effective when entered. Service of notice of entry of the dismissal therefore triggered their time within which to file their memorandum of costs, and that time expired long before the litigation between Scherer and Sanabria ended in the judgment noticed in May 2000. (*Id.* at p. 426.)

No such lapse of time between dismissal and the costs memoranda occurred here, and Fries does not contend otherwise. Instead, Fries relies on *Sanabria* and *Boonyarit* because both cases, in dictum, refer to a passage in Weil and Brown's Civil Procedure Practice Guide. It says: "Ordinarily, a judgment or order must be entered upon which a costs award may be based. [Citations.] [¶] But the mechanics for obtaining a judgment or order awarding costs after a voluntary dismissal are not clear: [¶] CRC 3.1700(a)(1) states: 'A prevailing party who claims costs shall serve and file a memorandum of costs . . . (within specified time) after service of written notice of entry of

*judgment or dismissal . . . [.]'* But this provision seems to refer to *involuntary* rather than voluntary dismissals because it refers to CCP §664.5 (which has no application to voluntary dismissals). [See *Boonyarit v. Payless Shoesource, Inc., supra,* 145 CA4th at 1192, 52 CR3d at 243 (citing text)][.] [¶] Therefore, apparently, defendant's memorandum of costs must be filed *together with* a proposed *judgment* of dismissal. [*Sanabria v. Embrey* (2001) 92 CA4th 422, 425, 111 CR2d 837, 839 (citing text).]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶¶ 11:38 to 11:38.2, pp. 11-22 to 11-23.)

Fries's reliance on this commentary is not persuasive. We find the rationale for the oddly tentative suggestion that a proposed judgment is *"apparently"* required to be unconvincing. The practice guide reasons that rule 3.1700(a)(1) "seems to refer to *involuntary* rather than voluntary dismissals *because it refers to CCP §664.5.*" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra,* ¶¶ 11:38 to 11:38.2, pp. 11-22 to 11-23, first italics in original, second italics added.) But the reference to Code of Civil Procedure section 664.5[3] does not create the ambiguity the authors of Weil and Brown suggest it does. Rule 3.1700(a)(1) is phrased in the disjunctive: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after [1] the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 *or* [2] *the date of service of written notice of entry of judgment or dismissal, or* [3] within 180 days after entry of judgment, whichever is first." (Bracketed numbers and italics added.) The reference to Code of Civil Procedure section 664.5 (which concerns involuntary dismissals) modifies only the *first* of three alternative deadlines. Weil and Brown's observation that the *second* deadline, running from service of written notice of entry of judgment or dismissal, does not apply to *voluntary* dismissals therefore does not follow. Nor is the distinction Weil and Brown seeks to apply supported by the cited cases, *Boonyarit* or *Sanabria.* Neither holds that a voluntarily dismissed defendant must file a proposed judgment of dismissal together with the memorandum of costs.

■ Fries also argues that the requirement for a judgment follows from a 1958 case, *MacLeod v. Tribune Publishing Co.* (1958) 157 Cal.App.2d 665 [321 P.2d 881]. We disagree. The Legislature has expressly directed that prejudgment costs "shall be claimed and contested in accordance with rules adopted by the Judicial Council." (§ 1034, subd. (a).) In 1987, almost 30 years after *MacLeod,* the Judicial Council adopted the predecessor of rule

---

[3] All further statutory references are to the Code of Civil Procedure.

3.1700 that governed the procedures for claiming prejudgment costs. ■ Nothing in rule 3.1700 or its predecessor suggests a defendant must file a proposed judgment along with a memorandum of costs in order to recover its costs after a voluntary dismissal.

*MacLeod* has lost currency since 1958 for a second reason as well. The adoption of former rule 870 undermined its ratio decidendi. The *MacLeod* court concluded that an entry in the clerk's register that showed a request for dismissal was filed was not, without more, a "judgment" sufficient to start the time running for the period to file a memorandum of costs under former section 1033.[4] Instead, the *MacLeod* court reasoned, the "judgment" that starts running the time for claiming costs must be the order of dismissal, because, at that time, "[t]o hold otherwise would be to place the burden upon a person involved in any litigation of constantly checking the clerk's records to see whether or not a dismissal has been entered without notice to him." (*MacLeod v. Tribune Publishing Co., supra*, 157 Cal.App.2d at pp. 667–668.) The adoption of rule 870, now 3.1700, obviated the problem identified in *MacLeod* by predicating its 15-day period within which to file a costs bill upon notice to the defendant of entry of dismissal.

■ In any event, if *MacLeod* could be viewed to require a dismissed defendant to obtain a *court order of dismissal* before filing a costs bill—a view we do not espouse—even then, it would not support Fries's rather different claim that a costs bill must be stricken unless it is filed together with a proposed judgment. The trial court was correct to conclude that a dismissed defendant seeking costs pursuant to rule 3.1700 is not required to file a proposed judgment along with its memorandum of costs.

## II., III.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[4] At that time, section 1033 provided in part: " 'In superior courts . . . the party in whose favor the judgment is ordered, and who claims his costs, must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than ten (10) days *after the entry of the judgment*, a memorandum of the items of his costs and necessary disbursements . . . .' " (*MacLeod v. Tribune Publishing Co., supra*, 157 Cal.App.2d at p. 667, italics added.)

*See footnote, *ante*, page 182.

## DISPOSITION

The order and judgment awarding costs are affirmed in their entirety. The postdismissal discovery orders are void and, therefore, are reversed. Parties are to bear their own costs on appeal.

Pollak, Acting P. J., and Jenkins, J., concurred.