Filed 5/15/13

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NEVIS HOMES LLC et al., Cross-complainants and Appellants, v. CW ROOFING, INC., Cross-defendant and Appellant. | B237907 (Los Angeles County Super. Ct. No. GC037387) |

APPEALS from orders of the Superior Court of Los Angeles County.  Jan A. Pluim, Judge.  Affirmed as modified.

Tom S. Chun for Cross-defendant and Appellant CW Roofing, Inc.

Selman Breitman, Elaine K. Fresch, Rachel E. Hobbs and Sheila A. Baker for Cross-complainants and Appellants Nevis Homes LLC et al.

_____

[*]     Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II, III and IV of the Discussion.

In the published portion of this opinion we hold that, if a written notice of judgment or dismissal is served by mail within the State of California, the time for filing a memorandum of costs is extended by five days. In the unpublished portion of this opinion we consider who is a "prevailing party" for purposes of entitlement to costs under Code of Civil Procedure section 1032.[1] Finally we affirm the trial court's denial of the parties' motions for sanctions. We modify the order taxing costs and affirm the order as modified.

## FACTS AND PROCEEDINGS BELOW

A homeowners' association brought a construction defect action against Nevis Homes, LLC and other defendants (collectively Nevis). Nevis cross-complained against CW Roofing, Inc. (CWRI) and Daniel Suh, doing business as the CW Roofing Co., (Suh) among others. In due course, the homeowners' association settled with Nevis and Nevis settled with Suh and other cross-defendants. The settlement agreement stated: "Each of the SETTLING PARTIES acknowledge and agree that each of them is to bear his, her, or its own costs." The settlement agreement did not name CWRI as one of the "settling parties" nor did anyone sign the agreement on CWRI's behalf. The agreement did provide, however, that "the release of [CWRI] by Defendants is a condition and material term of this settlement."

After the "settling parties" signed the settlement agreement, Nevis dismissed its cross-complaint with prejudice as to all the cross-defendants including CWRI. Nevis mailed a written notice of entry of dismissal to CWRI on July 14, 2011. CWRI did not file its cost bill until August 2, 2011, 19 days after Nevis mailed the notice of entry of dismissal. Nevis moved to strike CWRI's cost bill on the ground that it was untimely under California Rules of Court, rule 3.1700(a),[2] which, as applicable here, requires the cost bill to be filed within 15 days after the date of service of a written notice of entry of

---

[1]    All statutory references are to the Code of Civil Procedure.

[2]    All rule references are to the California Rules of Court.

2

dismissal. Nevis also moved for sanctions against CWRI for filing a frivolous request for costs on the ground that CWRI had already been paid most of its costs by its insurance carrier. CWRI in turn sought sanctions against Nevis for seeking sanctions against it.

The trial court granted the motion to tax costs in its entirety. The court denied the parties' motion for sanctions.

CWRI appeals from the orders denying it costs and sanctions against Nevis. Nevis cross-appeals from the order denying it sanctions against CWRI.

## DISCUSSION

### I. CWRI'S MEMORANDUM OF COSTS WAS TIMELY BECAUSE THE NOTICE OF DISMISSAL WAS SERVED BY MAIL.

Nevis contends that the cost bill was untimely because it was not filed within the 15-day time period specified by rule 3.1700(a)(1). CWRI maintains, however, that its cost bill was timely under section 1013, subdivision (a), which extended the time to file by five days because Nevis served the notice of dismissal by mail. We agree. The time to file a motion to tax costs was extended by five days because service was by mail.

Rule 3.1700(a)(1) provides in relevant part: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after . . . the date of service of written notice of entry of judgment or dismissal."

Section 1013, subdivision (a), states in pertinent part: "In the case of service by mail, . . . [s]ervice is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California[.] . . . This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."

Two reported opinions have assumed without analysis that the five-day extension of time under section 1013, subdivision (a), applies to the time for filing a memorandum

3

of costs. (*Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1199; *Robinson v. Grossman* (1997) 57 Cal.App.4th 634, 649.)[3] Nevis challenges that assumption.

Nevis contends that rule 3.1700 provides an exception to the five-day extension and points out that rule 3.1700*(b)*, pertaining to the time for opposing a cost memorandum, states that, "[i]f the cost memorandum was served by mail, the period is extended as provided in . . . section 1013." This reference to section 1013, Nevis observes, is conspicuously absent from rule 3.1700*(a)*, pertaining to the time for filing a cost bill. Nevis thus reasons that, by including a reference to section 1013 in rule 3.1700(b), but not in rule 3.1700(a), the Judicial Council must have intended that section 1013 not apply to rule 3.1700(a), which therefore is an exception to that statute.

Furthermore, Nevis argues, the Judicial Council had a reason for excluding the five-day extension for filing cost bills. The notes accompanying former rule 870, the predecessor to rule 3.1700, show that the Judicial Council increased the time for "filing and serving a memorandum of costs and a notice of motion to tax costs from 10 to 15 days so that the motions relating to costs, attorney's fees and new trials may be heard simultaneously." (Former rule 870 (1988) Drafter's Note [new trial motions must be filed within 15 days of the date of mailing notice of entry of judgment (§ 659, subd. (a)(2)) and the five-day extension is expressly excluded by § 1013, subd. (a)].)

We disagree with these arguments. No statute or rule of court "specifically" exempts cost memoranda from the five-day mailing extension in section 1013, subdivision (a). Moreover, section 1013, subdivision (a), specifies the items to which the extension does not apply. A memorandum of costs is not among those exceptions. Nor does rule 3.1700 specifically exempt a cost memorandum from the time extension

---

[3] Nevis erroneously claims that three cases hold section 1013, subdivision (a), does not apply to the filing of a cost memorandum. In fact, none of the cases Nevis cites even mentions section 1013. (*Fries v. Rite Aid Corp.* (2009) 173 Cal.App.4th 182, 185; *Jones v. John Crane, Inc.* (2005) 132 Cal.App.4th 990, 1012; *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 426.)

4

provided by section 1013, subdivision (a).  Regardless of what the Judicial Council may have had in mind when it adopted former rule 870, its intent cannot trump the plain meaning of the statute.  We are not authorized to rewrite the plain language of a statute to conform to an assumed intent that does not appear from the language.  (*In re Hoddinott* (1996) 12 Cal.4th 992, 1002.)

Finally, Nevis contends that applying section 1013, subdivision (a)'s five-day extension to the time for filing memoranda of costs under rule 3.1700(a) would have an unfair and unintended result because a five-day extension does not apply if the notice is mailed by the clerk of the court[4] but, accepting the interpretation proposed by CWRI, the extension would apply if the notice was mailed by a party.  Nevis argues that the five-day extension under section 1013, subdivision (a), applies only "[i]n case of service by mail." Thus, it applies to the "*service* of written notice of entry of judgment or dismissal" by a party if the service is by mail.  (Rule 3.1700(a), italics added.)  But, under the terms of rule 3.1700(a), the five-day extension does not apply when the notice is sent by the clerk pursuant to section 664.5 because based on the wording of that section, the clerk does not "serve" the notice but only "mails" it.  Because the case before us falls into the category of cases in which the notice was undisputedly "served," we need not address the theoretical problem raised by Nevis as to what would be the result if the notice were mailed by the clerk.

## II. CWRI WAS A PREVAILING PARTY FOR PURPOSES OF RECOVERING COSTS UNDER SECTION 1032 BUT IS NOT ENTITLED TO A DOUBLE RECOVERY.

### A. CWRI Was A Prevailing Party In The Action Against It By Nevis.

Nevis contends that there is no prevailing party for purposes of costs when the defendant is dismissed pursuant to a settlement agreement.  We disagree.

---

[4] Section 664.5, subdivision (b), provides that, in a contested or special proceeding in which a prevailing party is not represented by counsel, "the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action or special proceeding . . . ."

Under section 1032, subdivision (a)(4), a "prevailing party" includes "a defendant in whose favor a dismissal is entered." Subdivision (b) of the statute provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." It is undisputed that CWRI was a defendant in the cross-complaint filed by Nevis and that it was dismissed by Nevis on July 11, 2011. This makes CWRI a prevailing party under section 1032, subdivision (a)(4). We know of no statute that would deny costs to CWRI, nor does Nevis cite any. Therefore, under subdivision (b) of section 1032, CWRI is entitled to its costs.

Whatever merit Nevis's contention might have if CWRI were a settling party, it has no merit here where CWRI was not a "settling party." Rather, CWRI was dismissed as a result of a settlement between other parties. Section 1032, subdivision (a)(4)'s definition of a prevailing party contains no exception for dismissals entered pursuant to a settlement agreement, and section 1032, subdivision (b), prevents courts from engrafting exceptions onto the clear language of the statute. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129.) None of the cases Nevis cites in support of its argument is on point.

### B.    CWRI Is Not Entitled To A Double Recovery.

CWRI submitted a cost bill for $4,520 representing filing and motion fees and costs of depositions including travel and transcription costs. Nevis moved to tax most of these costs on the ground that CWRI had already received payment for them from its insurer Gemini. Nevis admits, however, that Gemini did not pay all of the costs that CWRI sought in its cost bill. CWRI does not deny that it received payment for a majority of the costs from Gemini but contends that under the collateral source doctrine Nevis should not profit from CWRI's foresight in obtaining insurance coverage.[5]

---

[5]    Gemini contends CWRI was not its insured at the time of the loss. Nevertheless, it is paid a portion of CWRI's costs.

The collateral source doctrine applies to tort damages, not to damages for breach of contract. (*Bramalea California, Inc. v. Reliable Interiors, Inc.* (2004) 119 Cal.App.4th 468, 472.) It is an exception to the fundamental principle that a party cannot receive a double recovery for the same loss. (*Ibid*.; *Plut v. Fireman's Fund Ins. Co.* (2000) 85 Cal.App.4th 98, 107.) It rests instead on the principle that "'the tortfeasor's responsibility [is] to compensate for all the harm that he causes, not confined to the net loss that the injured party receives.'" (*Plut*, at p. 108.) If applied to an action based on breach of contract, the collateral source rule would violate the contractual damage rule that no party may profit more from the breach of an obligation than from its performance. (*Bramalea*, at p. 472.)

We conclude that, although CWRI is entitled to costs as a prevailing party, it is not entitled to a double recovery. Section 1033.5, subdivision (c)(3), requires that "[a]llowable costs shall be reasonable in amount." It is unreasonable as a matter of law to allow a party to a contract action to recoup for a second time the litigation costs that it has already recovered.

Accordingly, we modify the trial court's order to tax CWRI's allowable costs to the extent they duplicate costs previously paid by Gemini.

### III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING NEVIS'S MOTION FOR SANCTIONS AGAINST CWRI.

Nevis moved for sanctions against CWRI under section 128.7, subdivision (b), on the grounds that CWRI's attempt to obtain a double recovery of costs was improper and not supported by the facts and its invocation of the collateral source rule was frivolous.[6] The trial court denied the motion. We review the court's ruling for abuse of discretion. (*Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1391.)

---

[6] As relevant here, section 128.7 states: "(a) Every pleading, petition, written notice of motion, or other similar paper shall be signed by at least one attorney of record . . . [¶] (b) By presenting to the court . . . a pleading . . . or other similar paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after

The record does not disclose any evidence that CWRI brought its memorandum of costs solely to cause unnecessary delay or to harass Nevis.

As discussed above, we have found that CWRI is entitled to recover the portion of its allowable costs not paid by Gemini. Thus, its cost bill was not totally unsupported by the facts.

The Legislature has defined "[f]rivolous" as "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2).) Thus, a motion is "[f]rivolous" only if "'any reasonable attorney would agree such motion is totally devoid of merit.'" (*Decker v. U.D. Registry, Inc.*, *supra,* 105 Cal.App.4th at p. 1392.) CWRI's attempt to invoke the collateral source doctrine to justify recovery from Nevis of the full amount of its allowable costs is not so contrary to statutory or case authorities that it may be called totally and completely without merit.

## IV.    CWRI IS NOT ENTITLED TO SANCTIONS AGAINST NEVIS.

CWRI argues that Nevis should be sanctioned because its argument that CWRI was not a prevailing party was "without merit." We disagree. Nevis offered plausible arguments in support of its position, and, even though we reject Nevis's arguments, we cannot say that they are totally devoid of merit.

---

an inquiry reasonable under the circumstances, all of the following conditions are met: [¶] (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [¶] (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. [¶] (3) The allegations and other factual contentions have evidentiary support . . . . [¶] (c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

**DISPOSITION**

The order taxing costs is modified to tax CWRI's allowable costs only to the extent that they duplicate costs previously paid to or on behalf of CWRI by Gemini. The order is affirmed as modified. The order denying the motions for sanctions is affirmed. Each party is to bear its own costs on appeal.

CERTIFIED FOR PARTIAL PUBLICATION.


ROTHSCHILD, Acting P. J.

We concur:



CHANEY, J.



JOHNSON, J.


9