Filed 1/19/22  Tom v. Live Nation Entertainment CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| TERRY TOM et al., | B308200 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC665696) |
| v. | |
| LIVE NATION ENTERTAINMENT, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Jay Ford III, Judge.  Affirmed.

Minami Tamaki, B. Mark Fong and Seema Bhatt; Emergent and Seth I. Rosenberg for Plaintiffs and Appellants.

Bremer Whyte Brown & O'Meara, Alexander Giannetto and John Paul Salem for Defendants and Respondents.

_____

The 24-year-old son of Terry and Gayline Tom died after ingesting ecstasy at a dance music festival. The Toms brought an action against Insomniac Holdings, LLC, the event organizer, as well as its two parent companies, Live Nation Entertainment, Inc. and Live Nation Worldwide, Inc. (collectively, Live Nation defendants), for failure to provide the Toms' son with adequate medical care. However, after receiving the trial court's tentative ruling to grant the Live Nation defendants' summary judgment motion, the Toms voluntarily dismissed the Live Nation defendants.

The Live Nation defendants filed a memorandum of costs seeking $42,023 in costs, including expert witness fees pursuant to Code of Civil Procedure section 998.[1] The Toms failed to file a motion to tax costs within 15 days as required by California Rules of Court, rule 3.1700(b)(1) (rule 3.1700). Almost six months later the Toms filed a motion under section 473, subdivision (b), seeking leave to file a motion to tax costs. Claiming excusable attorney error, the Toms argued the law is unsettled as to whether, upon a voluntary dismissal of a defendant, service of a proposed judgment of dismissal is required before the defendant can file a memorandum of costs. The trial court denied the motion and entered judgment for the Live Nation defendants, awarding the requested costs.

On appeal, the Toms contend the trial court abused its discretion in denying their motion for relief under section 473, subdivision (b), because their attorney reasonably believed based

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

on a conflict in the law that the Live Nation defendants had prematurely filed their memorandum of costs without serving a proposed judgment of dismissal. We find no conflict in the law supporting the Toms' claim of excusable neglect and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Toms' Lawsuit and Dismissal of the Live Nation Defendants*

In 2015 the Toms' son, Nicholas, died after ingesting ecstasy while attending the Electric Daisy Carnival, a dance music festival organized and held by Insomniac in Las Vegas, Nevada. On June 20, 2017 the Toms filed a lawsuit against Insomniac and the Live Nation defendants for negligence, premises liability, intentional misrepresentation, negligent misrepresentation, nuisance, wrongful death, and survival. The complaint alleged the music festival was overcrowded and understaffed, causing a delay in the provision of emergency medical services to Nicholas, resulting in his death.

In May 2018 the Live Nation defendants sent section 998 offers to compromise to the Toms proposing dismissal of the Toms' lawsuit in exchange for a waiver of the Live Nation defendants' attorneys' fees and costs. The Toms failed to respond to the offers. On August 30, 2019 the trial court held a hearing on the motion for summary judgment filed by Insomniac and the Live Nation defendants. Prior to the hearing, the court issued a tentative ruling to grant the motion as to the Live Nation defendants on the basis the concert was "run solely by Defendant Insomniac Holdings, LLC and neither Live Nation defendant was involved in the event." At the hearing, the Toms agreed to

3

dismiss the Live Nation defendants. On September 4, 2019 the Toms filed a notice of ruling stating that "Plaintiffs will file a dismissal of Defendants Live Nation Worldwide, Inc. and Live Nation Entertainment, Inc. instead of summary judgment being granted as to them." On September 4 the Toms filed a request for dismissal with prejudice of their complaint as to the Live Nation defendants. The court clerk entered the dismissal the same day and gave notice to counsel the following day.

B.      *The Live Nation Defendants' Memorandum of Costs*

On September 18, 2019 the Live Nation defendants filed and served a memorandum of costs seeking $42,023 in costs, including $15,070 in expert witness fees, $6,707 for filing and motion fees, $3,519 in deposition costs, $5,735 for service of process, $250 for court reporter fees, and $10,742 for travel and other costs.

On September 24 the Toms' attorney, Seema Bhatt, sent a letter to counsel for the Live Nation defendants, asserting the Live Nation defendants were not entitled to the costs they incurred jointly with Insomniac. Bhatt stated, "[W]e do not believe that Live Nation has a viable claim for any costs in this matter. Live Nation was represented by the same counsel as Insomniac and there were no separate costs attributable to Live Nation. Where codefendants are represented by the same counsel, a dismissed defendant can recover only costs incurred on its behalf. Costs jointly incurred with codefendants who remain in the case (e.g., deposition costs) are not recoverable by the dismissed defendant."

On January 28, 2020 the Live Nation defendants requested entry of a clerk's judgment for $42,023, attaching their

4

memorandum of costs.  (See rule 3.1700(b)(4) ["After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment."].)  The clerk rejected the request, stating on its notice of rejection form, "Request for Entry of Default form is incomplete.  Attachment is not needed for a default."  On January 30, 2020 the Live Nation defendants again requested entry of a clerk's judgment, which the clerk also rejected, stating, "Request for Default is incomplete."

C.     *The Toms' Motion for Leave To File Motion To Tax Costs*

On March 16, 2020, in response to the Live Nation defendants' requests for entry of a clerk's judgment on their costs, the Toms filed a motion under section 473, subdivision (b), seeking leave to file a late motion to tax costs.  The Toms asserted they had not filed a motion to tax costs earlier because they believed a memorandum of costs could not be filed until a judgment of dismissal was entered and "they believed [d]efendants had no reasonable basis for their [m]emorandum of [c]osts and, therefore, such costs were improper."  Bhatt stated in her declaration in support of the motion, "Believing a [j]udgment of [d]ismissal or [n]otice of [e]ntry of [d]ismissal was required for voluntary dismissals before costs may be awarded, plaintiffs did not move to tax the Live Nation defendants' memorandum of costs."  She added, "Instead, on September 24, 2019, plaintiffs informed the Live Nation defendants in writing that they were not entitled to the costs in the memorandum because the costs defendants sought were jointly incurred with co-defendants who remain in the case."

5

The Toms argued in their motion that they believed "that where there is a *voluntary* dismissal—as opposed to a judgment—an entry of judgment of dismissal is required before costs may be awarded." The Toms cited as authority for this proposition the holdings in *Boonyarit v. Payless Shoesource, Inc.* (2006) 145 Cal.App.4th 1188 (*Boonyarit*) and *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422 (*Sanabria*). But they acknowledged that, "[u]pon further research, there are conflicting cases that suggest costs may be recovered after a voluntary dismissal without the need for a judgment." The Toms argued their attorneys' "'honest mistake of law is a valid ground for relief when the legal problem posed "is complex and debatable."'" (Citing *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611.) Alternatively, the Toms argued they should be granted leave to file their motion to tax costs because the memorandum of costs contained costs that were not recoverable as a matter of law, and the Live Nation defendants would not be prejudiced by the late filing. The Toms submitted a proposed motion to tax costs.

The Live Nation defendants argued in opposition that the Toms' failure to file a motion to tax costs was "intentional and strategic," not a mistake or excusable neglect. They noted the Toms' September 24, 2019 letter argued why the Live Nation defendants did not have a viable claim for costs, not that the Toms believed the memorandum of costs was filed prematurely because a judgment of dismissal had not been filed. Further, the deadline for filing a motion to strike or tax costs "is not a complex or debatable issue," and the Live Nation defendants would be prejudiced by the filing of a motion to tax costs over six months

6

after they had been dismissed from the case and after a year and a half of litigation.

At the July 16, 2020 hearing, the trial court issued its tentative ruling to deny the motion, explaining, "Plaintiffs' counsel's mistake of law was unreasonable, as the issue was neither complex nor unsettled. . . . [Counsel's] declaration also provides no explanation for how she arrived at the erroneous conclusions that (1) the Court's ability to award costs to dismissed [d]efendants was contingent on entry of a judgment of dismissal or [n]otice of [e]ntry of [d]ismissal; (2) the deadline under . . . [r]ule 3.1700(b)(1) could not be triggered until a judgment of dismissal or notice of entry of dismissal was entered; and (3) [p]laintiff's obligation to file [a] motion to strike or tax costs within the timeframe . . . was affected by the Court's ability to award costs."

Bhatt argued in response that the "law in this area is a little complex," and she made an "honest mistake of law," relying on the Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) (practice guide) and the cases cited in the guide. Bhatt pointed out that the practice guide states that the question of when a memorandum of costs may be filed following a voluntary dismissal is unclear, and it encourages defense counsel to obtain a formal judgment of dismissal following a voluntary dismissal to ensure its entitlement to costs. Bhatt acknowledged she should have "researched further," "asked around," or "file[d] a motion to tax out of abundance [of] caution," but she argued relief was still warranted based on her mistake of law because she was a "relatively young lawyer," had "never filed a motion to tax before," and had "never received a memorandum of costs before."

7

The trial court continued the hearing until August 13, 2020 to consider the authority cited by Bhatt and to allow the Live Nation defendants to submit a declaration setting forth the attorneys' fees and costs they had incurred in opposing the Toms' motion.[2]  At the continued hearing, the court adopted its tentative ruling denying the motion.  The court added, "The authorities cited by [the Toms'] [c]ounsel regarding the claimed ambiguity of when a memorandum of costs must be filed after a request for dismissal is filed do not explain why [c]ounsel's failure to timely file a motion to tax those costs was an excusable mistake.  Even if counsel believed the filing of the memorandum of costs was premature because a judgment of dismissal had not been entered, it was not excusable for counsel to simply ignore the clear deadline to file the motion to tax costs . . . .  Moreover, counsel's reliance on that mistaken belief is belied by counsel's testimony about her conversation with opposing counsel shortly after the memorandum of costs was filed.  Oddly, in that conversation counsel did not claim the memorandum of costs was filed prematurely or that costs cannot be awarded until a judgment of dismissal is entered.  Instead, counsel just argued the merits of the costs with opposing counsel."[3]  The court

_____

[2]     Bhatt stated at the hearing the Toms would pay the reasonable attorneys' fees and costs incurred by the Live Nation defendants in opposing the motion if the court granted the Toms leave to file their motion to tax costs.  The Live Nation defendants later submitted a declaration showing they had incurred over $11,000 in fees and costs.

[3]     The trial court's reference to Bhatt's earlier "conversation" appears to be to Bhatt's September 24, 2019 letter to opposing counsel.

8

rejected Bhatt's argument that the absence of prejudice alone supported granting the motion, explaining it had considered that factor, but "given the clear absence of any excusable neglect the Court finds relief is not justified under [section] 473, subdivision (b)."

On August 21, 2000 the trial court entered a judgment for the Live Nation defendants, awarding $42,023 in costs. The Toms timely appealed.

## DISCUSSION

A.    *The Live Nation Defendants Did Not File Their Memorandum of Costs Prematurely*

The Toms contend that under rule 3.1700(a)(1), the Live Nation defendants were not authorized to file a memorandum of costs until they submitted a judgment of dismissal, and thus the Toms' motion to tax costs was timely. The Toms misread rule 3.1700 and the applicable case law.

Pursuant to section 1032, subdivision (b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." A defendant who has been voluntarily dismissed is a prevailing party. (§ 1032, subd. (a)(4) ["'[p]revailing party'" includes "a defendant in whose favor a dismissal is entered"]; see *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 ["Because plaintiffs voluntarily dismissed this action with prejudice, the seller defendants are defendants in whose favor a dismissal has been entered. Accordingly, they are 'prevailing parties' within the meaning of Code of Civil Procedure section 1032, subdivision (b), and are 'entitled as a matter of right to recover costs' unless another statute expressly provides otherwise."].)

9

To recover statutory costs, the prevailing party must timely file a memorandum of costs pursuant to rule 3.1700(a)(1). Rule 3.1700(a)(1) requires the memorandum of costs be filed and served "within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first."  Although the deadlines for filing a memorandum of costs are not jurisdictional, they are mandatory. (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929.)  "Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum."  (Rule 3.1700(b)(1).)

It is undisputed the court clerk entered the dismissal of the Live Nation defendants on September 4, 2019.  Further, the request for dismissal provides as to notice by the clerk, "Attorney . . . notified on . . . 09/05/2019."  The Live Nation defendants filed and served their memorandum of costs 13 days after the clerk gave notice of entry of dismissal, on September 18, 2019.[4]

The Toms' reliance on *Boonyarit, supra,* 145 Cal.App.4th 1188 is misplaced.  There, the plaintiff sued multiple defendants, including Payless Shoesource for personal injuries she suffered when she slipped in a shopping center parking lot.  (*Id.* at

---

[4]     The record does not contain a proof of service of the entry of dismissal, but the Toms contend in their opening brief only that the filing of the memorandum of costs was premature because no judgment was entered, not that there was no written notice of entry of dismissal.  We discuss notice of the entry of dismissal below.

10

p. 1190.)  In her amended complaint, the plaintiff deleted six of the previously named defendants, including Payless, and she filed a request for dismissal of the six defendants.  The court clerk rejected the request for dismissal because of a defect in the form, and a dismissal was never entered.  Payless still filed a memorandum of costs as a prevailing party and was awarded costs.  (*Id*. at p. 1191.)  On appeal, the plaintiff contended Payless should not have been awarded costs because no judgment or dismissal had been entered.  (*Ibid*.)  The Court of Appeal agreed, explaining "Payless never obtained an order of dismissal" and it therefore "failed to perfect its statutory right to costs as a prevailing party under section 1032." (*Id*. at p. 1193.)

In contrast to *Boonyarit*, it is undisputed that the court clerk entered a dismissal of the Live Nation defendants.  *Fries v. Rite Aid Corp.* (2009) 173 Cal.App.4th 182 (*Fries*) is directly on point.  There, the plaintiff filed a request for dismissal of the entire action without prejudice, which was entered by the clerk.  The defendants filed memoranda of costs, and the plaintiff moved to strike or tax costs, arguing the memoranda of costs were procedurally defective because defendants failed to file proposed judgments or orders of dismissal at the time they filed their memoranda.  *(Id*. at p. 184.)  The Court of Appeal rejected this argument, explaining, "Defendants complied with rule 3.1700 when they filed memoranda of costs within 15 days after the date the notice of entry of dismissal was served.  The question is whether, as [plaintiff] maintains, defendants were also required to file a proposed judgment along with their memoranda of costs, even though rule 3.1700 does not provide that they must do so.  Neither the cases nor the practice guide Fries cites to support her position are persuasive." (*Fries*, at p. 185.)  The *Fries* court

11

observed, "[I]n this case, unlike in *Boonyarit*, a dismissal *was* entered. *Boonyarit*, therefore, is inapposite." (*Fries*, at p. 186.)

The plaintiff in *Fries*, like the Toms, relied on the language in the practice guide, which noted that because rule 3.1700(a)(1) referred to section 664.5 (addressing notices of entry of judgment after involuntary dismissals), "'the mechanics for obtaining a judgment or order awarding costs after a voluntary dismissal are not clear.'" (*Fries, supra*, 173 Cal.App.4th at p. 187, citing Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶¶ 11:38 to 11:38.2, pp. 11-22 to 11-23.)[5] The *Fries* court examined the discussion in the practice guide and concluded the plaintiff's "reliance on this commentary is not persuasive" because it ignored the second of three deadlines set forth in rule 3.1700(a)(1), which provides for the filing of a memorandum of costs within 15 days after "'*the date of service of written notice of entry of judgment or dismissal.*'" (*Fries*, at p. 187.) As the *Fries* court pointed out, this deadline clearly applied to voluntary dismissals. (*Ibid.*)

The Toms' reliance on dictum in *Sanabria, supra*, 92 Cal.App.4th 422 fares no better. The Court of Appeal in *Sanabria* concluded that the defendant's memorandum of costs was untimely because it was filed more than 15 days after notice of entry of dismissal. (*Id.* at p. 426.) The court noted in a footnote, citing to the practice guide, "Apparently, the memorandum of costs must be filed together with a proposed judgment of dismissal." (*Id.* at p. 426, fn. 2, citing Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 11:38,

---

[5] Although the cases cite to different versions of the Rutter practice guide, the discussion in the guide as quoted in the cases and the Toms' opening brief has not changed.

pp. 11-21.)  This statement is dictum given the untimely filing in *Sanabria* of the memorandum of costs.  (See *United Steelworkers of America v. Board of Education* (1984) 162 Cal.App.3d 823, 834 ["dictum is a general argument or observation unnecessary to the decision which has no force as precedent"]; see also *Fries*, *supra*, 173 Cal.App.4th at p. 187 ["Nor is the distinction Weil and Brown seeks to apply supported by the cited cases, *Boonyarit* or *Sanabria*.  Neither holds that a voluntarily dismissed defendant must file a proposed judgment of dismissal together with the memorandum of costs."].)

Finally, the Toms argue for the first time in their reply brief that even if their interpretation of rule 3.1700(a)(1) was incorrect (that a judgment of dismissal must precede the filing of a memorandum of costs), here there was no service of a written notice of dismissal.  By failing to assert this argument in their opening brief, or to argue it in the trial court, the Toms have forfeited the issue on appeal.  (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned."]; *Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 972 ["'"[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court."'"].)

Even had the Toms raised this argument earlier, it has no merit.  Although the Toms are correct the record does not reflect whether a notice of entry of dismissal was served (other than the clerk's indication on the request for dismissal that counsel was notified of the dismissal), "[a] prematurely filed memorandum of costs is '"a mere irregularity at best" that does not constitute

13

reversible error absent a showing of prejudice' and is treated 'as being timely filed.'" (*Lowry v. Port San Luis Harbor District* (2020) 56 Cal.App.5th 211, 221 [affirming award of costs even though judgment was entered after memorandum of costs was filed]; accord, *Haley v. Casa Del Rey Homeowners Assn.* (2007) 153 Cal.App.4th 863, 880 [finding no reversible error where memorandum of costs was filed after jury returned special verdict but arguably before entry of judgment].) The Toms cannot show prejudice because they requested entry of dismissal of the complaint as to the Live Nation defendants, and the clerk notified counsel of the dismissal. Further, the requirement in California Rules of Court, rule 3.1700(b)(1) that a motion to tax or strike costs be filed within 15 days of service of the memorandum of costs does not contain any exception for a costs memorandum that is filed prior to written notice of dismissal of the action. And it was the Toms, as the parties requesting dismissal, who were required to serve and file a notice of entry of dismissal. (See Cal. Rules of Court, rule 3.1390 ["A party that requests dismissal of an action must serve on all parties and file notice of entry of the dismissal."].)

B.      *The Trial Court Did Not Abuse Its Discretion in Denying the Toms' Motion To File an Untimely Memorandum of Costs*

As discussed, under rule 3.1700(b)(1) a motion to strike or tax costs must be served and filed no later than 15 days after service of the memorandum of costs. The failure to file a timely motion to tax costs constitutes a waiver of the right to object. (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289; *Jimenez v. City of Oxnard* (1982) 134 Cal.App.3d 856, 859 ["By not filing said

14

motion within the period specified in section 1033, plaintiffs waived the right to object to the costs claimed by the city."].) Although it is undisputed that the Toms failed to file their motion to tax costs within the 15-day statutory period, the trial court had discretion under section 473, subdivision (b), to excuse the late filing of a motion to tax costs. (*Douglas*, at p. 290.)

Section 473, subdivision (b), provides in part, "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." To qualify for discretionary relief under section 473, subdivision (b), "the party seeking relief must show (1) a proper ground for relief, and (2) 'the party has raised that ground in a procedurally proper manner, within any applicable time limits.'" (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229; accord, *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.) The trial court has discretion to grant relief under section 473, subdivision (b), "based on its evaluation of the nature of the mistake or error alleged and the justification proffered for the conduct that occurred." (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.)

"'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of [an] abuse'" of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257; accord, *Austin v. Los Angeles Unified School Dist., supra*, 244 Cal.App.4th at p. 929.) Under this standard, "we may

15

reverse only if we conclude the trial court's decision is "'so irrational or arbitrary that no reasonable person could agree with it.'"" (*Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1249; accord, *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.)

Where the attorney's error consists of a mistake of law, in determining whether the mistake is excusable under section 473, subdivision (b), we consider "the reasonableness of the misconception and the justifiability of the failure to determine the correct law." (*State Farm Fire & Casualty Co. v. Pietak, supra*, 90 Cal.App.4th at p. 611.) A mistake of law is a valid ground for discretionary relief if the legal issue "'is complex and debatable'" or the law is unsettled. (*McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 360.) However, where "'the alleged mistake of law is the result of professional incompetence based upon erroneous advice [citation], general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference [citations][,] normally relief will be denied.'" (*State Farm*, at p. 611; accord, *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 [appellant's subjective belief she had not been served did not constitute a mistake supporting relief].)

The Toms contend that even if their interpretation of the law was incorrect, they were entitled to relief because their filing of an untimely motion to tax costs was due to counsel's "honest mistake of law." They argue, "If *Boonyarit* is incorrect and a judgment of dismissal does not have to be filed along with a memorandum of costs, the Toms' counsel's reliance on *Boonyarit* was a good faith but erroneous mistake of law and a

16

paradigmatic example of a case where relief from default should be granted."

The trial court did not abuse its discretion in finding Bhatt's mistake of law was unreasonable because rule 3.1700(b)(1) clearly sets forth the 15-day requirement for filing a motion to tax or strike costs, and nowhere does the rule require a judgment of dismissal be lodged before a party may file a memorandum of costs. Bhatt did not reasonably rely on dicta in *Boonyarit* and *Sanabria*, or on the practice guide's suggestion that the procedure for obtaining costs after a voluntary dismissal was not clear, especially in light of the extensive discussion of the deadline and requirements for filing a motion to strike or tax costs in *Fries, supra*, 173 Cal.App.4th at pages 185 to 187, and the practice guide's citation to *Fries*, which the guide suggested "seems correct." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶11:38a, pp. 11-21.)

Further, Bhatt's claim of relative inexperience was not a sufficient excuse because, as she admitted at the hearing in the trial court, she should have "researched further or asked [around]" or "just file[d] a motion to tax out of abundance [of] caution." (See *Anderson v. Sherman* (1981) 125 Cal.App.3d 228, 238 ["considering the simple and obvious point of law about which defendants claim to have been mistaken and the elementary legal research which would have cleared it up, we can hardly say the court below exceeded the bounds of reason and thus abused its discretion when it refused to set aside the defaults"].) As the trial court found, even if Bhatt believed the memorandum of costs was prematurely filed, "it was not excusable for counsel to simply ignore the clear deadline to file the motion to tax costs." Bhatt could, for example, have argued

17

in a motion to tax costs that the memorandum of costs was premature, as the plaintiff asserted in *Fries, supra*, 173 Cal.App.4th at page 184.  The trial court also properly questioned the legitimacy of Bhatt's claim of mistake, noting that in Bhatt's conversation (or letter) to opposing counsel she had argued the merits of the Live Nation defendants' request for costs without raising that the memorandum of costs was filed prematurely.

Finally, the Toms contend the trial court abused its discretion because the Live Nation defendants would not have been prejudiced by the court granting the Toms' motion since the Live Nation defendants could still have recovered any costs to which they were entitled.  However, "[u]nder the discretionary provision in section 473, subdivision (b), . . . the absence of substantial prejudice is an important factor to consider rather than a requirement."  (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1420.)  In the trial court the Live Nation defendants claimed prejudice from the almost six-month delay in the Toms challenging the Live Nation defendants' costs, after the Live Nation defendants had litigated the case for a year and a half.  Although this is a minimal showing of prejudice (if any), as a practical matter, a party seeking costs will almost never be able to show prejudice from a delay in the filing of a motion to tax or strike costs, absent an unusual circumstance such as a fire destroying all the moving party's records.  To require a showing of this type of prejudice would eviscerate the requirement that a party timely challenge a memorandum of costs.  Under these circumstances, the trial court did not abuse its discretion in considering the minimal prejudice to the Live

18

Nation defendants but finding relief was not warranted "given the clear absence of any excusable neglect."

## DISPOSITION

The order denying the Toms' motion under section 473, subdivision (b), to file their untimely motion to tax costs is affirmed.  The Live Nation defendants are to recover their costs on appeal.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.

19