[No. B188565. Second Dist., Div. Four. Dec. 19, 2006.]

DINA BOONYARIT, Plaintiff and Appellant, v.
PAYLESS SHOESOURCE, INC., Defendant and Respondent.

---

Counsel

Danz & Gerber and Karl Gerber for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs, Michael F. Moon and Scott B. Spriggs for Defendant and Respondent.

---

Opinion

**WILLHITE, J.**—Plaintiff Dina Boonyarit appeals from the judgment awarding defendant Payless Shoesource, Inc. (Payless), prejudgment costs of $587.75 under Code of Civil Procedure section 1032.[1] To be a "prevailing party," a defendant who has been voluntarily dismissed from the plaintiff's complaint must secure *entry* of the order or judgment of dismissal. (§ 1032, subd. (a)(4).) This may be accomplished by filing a proposed judgment of dismissal with the memorandum of costs, and ensuring that the trial court executes the judgment along with the costs award. Because Payless failed to comply with this requirement, the costs award was unauthorized. Therefore, we reverse.

## BACKGROUND

On January 25, 2005, plaintiff filed a complaint alleging that she was injured when she slipped on a banana peel in the parking lot of a shopping center. In her sole cause of action for negligence, she named as defendants the owners of the property, as well as 16 tenants whose businesses used the lot. Payless was one of the defendant-tenants.

---

[1] All section references are to the Code of Civil Procedure.

The judgment in favor of Payless was entered on February 9, 2006. Plaintiff's notice of appeal was filed nearly six weeks earlier, on December 30, 2005, and purports to be from the superior court's order of November 2, 2005, awarding costs. In her opening brief, plaintiff asks that we treat the premature notice of appeal as having been taken from the judgment. Payless has not opposed this request—its respondent's brief does not address the issue. Given the confused procedural state of this record, and in the absence of any opposition from (or prejudice to) Payless, we exercise our discretion to treat the appeal as having been taken from the judgment. (*Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 69 [28 Cal.Rptr.3d 124].)

Plaintiff's notice of appeal also purported to appeal from an order granting costs to defendant Bank of America, N.A. However, plaintiff requested that we dismiss her appeal as to Bank of America, and we have done so.

Payless was not formally served with the complaint, but was mailed a notice and acknowledgment. Plaintiff's counsel granted Payless an extension to March 21, 2005, within which to respond to the complaint. On March 18, 2005, Payless filed an answer.

On June 22, 2005, plaintiff filed a first amended complaint that deleted six of the previously named defendants, including Payless. On July 1, 2005, plaintiff attempted to file a request for voluntary dismissal without prejudice of those defendants under section 581.[2] Plaintiff used the applicable Judicial Council form, but neglected to indicate on the form that she was dismissing the *complaint* as to these defendants. Therefore, the superior court clerk rejected the request for dismissal and no dismissal was entered in the clerk's registry.

Having been served with the request for dismissal, and not waiting for notice of entry of dismissal, Payless filed and served a memorandum of costs as a prevailing party under section 1032 seeking a total of $936.09 in costs. Plaintiff moved to quash the costs memorandum, or, in the alternative, to tax costs. In her motion to quash, plaintiff argued in part that although she had attempted to have Payless dismissed without prejudice, the superior court had rejected the form. Therefore, there was no dismissal entered, and there was no judgment under which Payless was a prevailing party entitled to costs.

Payless filed a reply, in which it contended that the filing of the first amended complaint deleting Payless as a defendant constituted a dismissal of Payless without prejudice. As a dismissed defendant, according to Payless, it was a prevailing party under section 1032 entitled to recover costs.

On October 5, 2005, the superior court denied plaintiff's motion to quash. The court ruled that Payless was a prevailing party. It taxed costs of $348.34, and awarded Payless costs of $587.75. On November 2, 2005, the court entered a formal order to that effect. On January 25, 2006, Payless filed a proposed judgment, which the court signed on February 9, 2006. The judgment recited that on October 5, 2005, the superior court denied plaintiff's motion to quash Payless's memorandum of costs, taxed costs relating to plaintiff's medical records, and awarded costs of $587.75. The judgment declared that Payless "shall have judgment entered against Plaintiff . . . in the amount of $587.75."

---

[2] Section 581 provides in relevant part: "(b) An action may be dismissed in any of the following instances: [¶] (1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with the papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any. [¶] . . . [¶] (c) A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."

## DISCUSSION

■ Plaintiff contends, in part, that the trial court erred in awarding costs to Payless because no order or judgment of dismissal was entered. We agree.

■ A party's right to recover costs is governed entirely by statute. (*Perko's Enterprises, Inc. v. RRNS Enterprises* (1992) 4 Cal.App.4th 238, 241 [5 Cal.Rptr.2d 470].) Under section 1032, subdivision (b), "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." The term "prevailing party" includes "a defendant in whose favor a *dismissal is entered*." (§ 1032, subd. (a)(4), italics added.) A dismissal is entered when it is entered in the clerk's register; it is thereafter effective for all purposes. (§ 581d.) The party who requested the dismissal must file, and serve on all parties, notice of entry of the dismissal. (Cal. Rules of Court, rule 383.)

■ To obtain costs, a party must comply with the applicable rules of court. (See § 1034, subd. (a) ["Prejudgment costs . . . shall be claimed and contested in accordance with rules adopted by the Judicial Council"].) Rule 870 of the California Rules of Court provides as here relevant: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of *entry of judgment or dismissal* by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of *entry of judgment or dismissal*, or within 180 days after *entry of judgment*, whichever is first." (Cal. Rules of Court, rule 870(a)(2), italics added.) Thus, rule 870 contemplates the entry of a dismissal or judgment as a predicate to a costs award. (See also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2006) ¶ 11:38, p. 11-22 ["Ordinarily, a judgment or order must be entered upon which a costs award must be based"].)

When a defendant is voluntarily dismissed, California Rules of Court, rule 870 is not entirely clear on the procedure to be followed to claim costs. (See Weil & Brown, *supra*, ¶ 11.38.1 [noting that rule 870 refers to entry of dismissal under § 664.5, which does not apply to voluntary dismissals].) Nonetheless, because there must be a dismissal or judgment entered as a predicate to a costs award, "[a]pparently, the memorandum of costs must be filed together with a proposed judgment of dismissal" (*Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 426, fn. 2 [111 Cal.Rptr.2d 837]), and the judgment must be executed and entered by the court if costs are awarded.

In the instant case, no order or judgment of dismissal has ever been entered. Plaintiff's formal request for voluntary dismissal of Payless under

section 581 was rejected by the superior court clerk because it was not properly completed. Thus, the dismissal was never entered by the clerk, and was not effective.

As noted by Payless, plaintiff filed a first amended complaint that omitted Payless as a defendant. It has been held that an amended complaint which omits previously named defendants operates as a dismissal of those defendants without prejudice. (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1142–1143 [8 Cal.Rptr.3d 446]; *Kuperman v. Great Republic Life Ins. Co.* (1987) 195 Cal.App.3d 943, 947 [241 Cal.Rptr. 187].) Nonetheless, although the filing of such an amended pleading operates in substance as a dismissal, it cannot invoke the statutory right to costs until the dismissal has been perfected through entry of an order or judgment of dismissal.

Here, Payless never obtained an order of dismissal. The formal order signed by the court on November 2, 2005, does not qualify. "All dismissals ordered by the court *shall be in the form of a written order signed by the court* and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." (§ 581d, italics added.) The November 2005 order does not purport to dismiss the complaint as to Payless. It simply recites in relevant part that the court denied plaintiff's motion to quash Payless's memorandum of costs, that the court taxed certain costs, and that plaintiff is ordered to pay Payless $587.75. Further, there is no evidence in the record that the order was entered in the clerk's register as a dismissal.

Similarly, the judgment signed by the court more than three months later on February 9, 2006, says nothing about dismissal. Rather, without referring to a dismissal, the judgment simply decrees in relevant part that Payless "shall have judgment entered against Plaintiff . . . in the amount of $587.75." Under these circumstances, we conclude that Payless failed to perfect its statutory right to costs as a prevailing party under section 1032. Therefore, the trial court erred in awarding costs.

Payless suggests (in response to a related argument raised by plaintiff) that such a result penalizes Payless for plaintiff's failure to properly complete her request for voluntary dismissal. We understand that Payless was in a confusing procedural posture not entirely of its own making. But the procedures for obtaining costs are technical and mandatory. Payless did not receive notice of entry of dismissal, and could have contacted the court to determine whether voluntary dismissal had been entered. Upon learning that dismissal had not been entered, and wishing to perfect its dismissal based on being omitted

from the first amended complaint, Payless could have submitted a proposed judgment of dismissal with its memorandum of costs. We cannot ignore the procedures required by statute and court rule for obtaining a costs award. Payless's failure to comply is fatal to its right to recover.[3]

## DISPOSITION

The judgment is reversed. Plaintiff shall have her costs on appeal.

Epstein, P. J., and Manella, J., concurred.

---

[3] Based on our resolution of the appeal, we need not discuss plaintiff's remaining contentions.