Filed 5/2/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MAUREEN DESAULLES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>    Defendant and Respondent. | H038184<br>(Monterey County<br> Super. Ct. No. M85528) |

## I. INTRODUCTION

Dismissal of a civil complaint is said to be voluntary when requested by the plaintiff and involuntary when ordered by the court. A dismissal may be partial, as in this case, where plaintiff Maureen deSaulles (Employee) agreed to dismiss two of her seven causes of action with prejudice in exchange for a payment of $23,500 from defendant Community Hospital of the Monterey Peninsula (Employer). A civil judgment may also be described as voluntary when entered by stipulation or involuntary when entered by the court after either a judicial decision or a jury verdict.

When an action ends in any of these ways, if the parties have not otherwise agreed on who will pay the costs of litigation, one party may be deemed the prevailing party entitled to mandatory costs. In this appeal by Employee challenging a costs award to Employer, both sides claim entitlement to mandatory costs.

Mandatory costs are governed by Code of Civil Procedure section 1032.[1]  As revised in 1986 (Stats. 1986, ch. 377, §§ 5, 6, p. 1578), section 1032 states:  "(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  Section 1032, subdivision (a)(4) (subdivision (a)(4)) provides a nonexclusive definition of " 'prevailing party,' " listing four categories.  Three of the categories apply only to defendants, namely "a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant."  (Subd. (a)(4).)  Only one category – "the party with a net monetary recovery" – is applicable to both defendants and plaintiffs.

Employee characterizes Employer's settlement payment to her as a net monetary recovery, while Employer says that settlement payments must be disregarded under *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175 (*Chinn*).  Without separately appealing, Employer contends that it is a defendant in whose favor a dismissal was entered, and also contends that, as the judgment provides that Employee "recover nothing," it is a defendant against whom Employee recovered no relief.

The trial court awarded costs of $12,731.92 to Employer in the exercise of its discretion, as a trial court may do when costs are not mandatory.  "When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not … ."  (Subd. (a)(4).)

This appeal requires us to determine whether either party was entitled to mandatory costs.  As we will explain, the case ended in three stages without a trial on the merits.  Employer did not obtain a favorable dismissal of the action, but did obtain a

---

[1] Unspecified section references are to the Code of Civil Procedure.

judgment denying Employee relief.  However, Employer obtained the judgment by making a settlement payment that can be considered a net monetary recovery by Employee.  As section 1032 does not contemplate both sides prevailing, the trial court exercised discretion in awarding costs.  We will reverse the order awarding costs to Employer and denying costs to Employee, determining that, since the parties' settlement was silent regarding costs, Employer's payment of $23,500 triggered mandatory costs as a "net monetary recovery" under the plain language of the statute.

## II.  PROCEDURAL HISTORY

### A.  PREJUDGMENT PROCEEDINGS

Employee was hired in February 2005 as a part-time patient business services registrar.  Employee began complaining about her work shift assignments to the emergency room in June 2005.  Employer placed Employee on a leave of absence in January 2006 and terminated her employment in July 2006.

In July 2007, Employee filed a complaint alleging that Employer had:  (1) failed to accommodate Employee's physical disability or medical condition (susceptibility to infection as a result of cancer);  (2) retaliated against Employee for exercising her rights under California's Fair Employment and Housing Act;  (3) breached implicit conditions of an employment contract; (4) breached an implied covenant of good faith and fair dealing;  (5) negligently and (6) intentionally inflicted emotional distress; and (7) wrongfully terminated Employee in violation of public policy.

On August 1, 2008, the trial court entered a nine-page order ruling on Employer's alternative motions for summary judgment or summary adjudication.  The court denied summary judgment, but granted Employer's motion for summary adjudication of the first cause of action alleging a failure to accommodate.  The trial court found triable factual issues as to the remaining causes of action and denied summary adjudication of those claims.

3

Based on the summary adjudication, Employer filed several in limine motions. After hearing argument on September 2, 2008, the trial court orally granted motions in limine numbered 1, 8, and 11, specifically precluding argument by Employee "that [Employer] failed to accommodate [Employee's] disability or to engage the interactive process or that [Employee] was harassed, discriminated or retaliated against in connection[] with any claims of failure to accommodate or failure to engage the interactive process," or "regarding [Employee's] safety complaints, retaliation on union issues … " and excluding "evidence of discrimination or failure to accommodate or retaliation claims against [Employer] based on failure to accommodate or engage in the interactive process or make complaints about failure to accommodate or engage in the interactive process."

At the conclusion of those rulings and before a jury panel was called, the parties placed the following settlement on the record:  "[I]n consideration for dismissal with prejudice of the two claims of breach of contract and breach of covenant, Defendant will pay Plaintiff within 10 days $23,500."  Defense counsel "will prepare a judgment on the remaining claims which references the dismissal with prejudice and which preserves the right of appeal of the rulings of this court on the remaining causes of action … ."  "[T]he parties will not file any motions or memoranda for costs or attorney fees[,] holding off until the completion of the appeal … ."

## B.  THE JUDGMENT AND POST-JUDGMENT COSTS CLAIMS

On October 6, 2008, pursuant to the settlement, Employee filed a request for dismissal with prejudice of the breach of contract and breach of covenant claims.  On January 6, 2009, the trial court entered an amended judgment which stated:  "Having considered the arguments, oral and written, of all the parties, the records and file herein, and the pre-trial motions and oppositions thereto filed herein, and having granted defendant's Motion in Limine No. 1 to Preclude Any Argument That Defendant Failed to

4

Accommodate Plaintiff's Disability or to Engage in the Interactive Process, or That Plaintiff Was Harassed, Discriminated or Retaliated Against in Connection Therewith, the Court finds that plaintiff will be unable to introduce any evidence that would establish plaintiff's second cause of action for retaliation, her fifth and sixth causes of action for intentional and negligent infliction of emotional distress, or her seventh cause of action for wrongful termination in violation of public policy; and, [¶] The Court having previously granted summary adjudication of Plaintiff's first cause of action for failure to accommodate; and, [¶] The parties having settled plaintiff's third cause of action for breach of implied in fact contract and fourth cause[] of action for breach of the covenant of good faith and fair dealing, IT IS HEREBY ADJUDGED that, [¶] 1. Plaintiff recover nothing from defendant; and [¶] 2. The Parties shall defer seeking any recovery of costs and fees on this Judgment coming final after the time for all appeals."

Employee filed an appeal from the amended judgment, and this court affirmed the judgment in an unpublished opinion filed on June 29, 2011.[2]

After this court issued a remittitur, Employer filed a memorandum in the trial court seeking costs of $11,918.87. Employee filed a memorandum seeking costs of $14,839.71 and a motion to strike Employer's memorandum, asserting that Employer was not the prevailing party. Employer responded with a motion to strike Employee's memorandum, asserting that Employee was not the prevailing party. Each side filed opposition to the other's motion to tax costs.

After a hearing, the trial court stated, "The Court believes it can exercise its discretion in determining which party did prevail, and because [Employer] prevailed on significant causes of action and thereafter entered into a settlement on the remaining

---

[2] On our own motion we have taken judicial notice of the record in the previous appeal. (*DeSaulles v. Community Hospital of the Monterey Peninsula* (June 29, 2011, H033906) [nonpub. opn.].)

costs, the Court finds that [Employer] is the prevailing party."[3] The trial court awarded Employer costs of $12,731.92, which added $813.05 to the amount sought in Employer's memorandum for costs of the first appeal. The trial court denied Employee's request for costs.

## III. STATUTORY SCHEME

The California Supreme Court has summarized the statutory scheme for awarding costs to the prevailing party. "Unless otherwise provided by statute, a 'prevailing party' is entitled to recover costs in any action or proceeding 'as a matter of right.' (§ 1032, subd. (b); § 1033.5, subd. (a)(10)(A)-(C) [allowable costs under § 1032 include attorney fees authorized by contract, statute, or law].) 'Prevailing party' for purposes of section 1032(a)(4) is defined as including: '[1] the party with a net monetary recovery, [2] a defendant in whose favor a dismissal is entered, [3] a defendant where neither plaintiff nor defendant obtains any relief, and [4] a defendant as against those plaintiffs who do not recover any relief against that defendant.' If a party recovers anything other than monetary relief and in situations not specified above, a trial court shall determine the prevailing party and use its discretion to determine the amount and allocation of costs, if any. (*Ibid.; Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1198 [prevailing party is 'entitled to costs as a matter of right; the trial court has no discretion to order each party to bear his or her own costs'].)" (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1333 (*Goodman*).)[4]

---

[3] The trial court did not state it was exercising its discretion under *Chinn*, as Employee claimed at oral argument.

[4] Section 1032 states: "(a) As used in this section, unless the context clearly requires otherwise: [¶] (1) 'Complaint' includes a cross-complaint. [¶] (2) 'Defendant' includes a cross-defendant or a person against whom a complaint is filed. [¶] (3) 'Plaintiff' includes a cross-complainant or a party who files a complaint in intervention. [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant

*(Continued)*

6

The parties agree that under the current statute, a trial court has no discretion to deny costs completely when an award is mandatory, though it may exercise discretion over the amount awarded.  (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1375-1376; *Michell v. Olick*, *supra*, 49 Cal.App.4th 1194, 1197-1198; see *Goodman*, *supra*, 47 Cal. 4th 1327, 1338, fn. 4; *Lincoln v. Schurgin* (1995) 39 Cal.App.4th 100, 105 [costs discretionary when no party qualifies for mandatory award].)  Accordingly, in ruling on a request for costs a trial court must determine whether an award is mandatory based on one and only one party "prevailing" according to a statutory definition.

## IV.  APPEALABILITY

"[S]ince the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion."  (*Olson v. Cory* (1983) 35 Cal.3d 390, 398; *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 436 (*Nguyen*).)

Section 904.1, subdivision (a)(1) provides that a judgment is appealable if it is not an interlocutory judgment.  Subdivision (a)(2) provides that "an order made after a judgment made appealable by paragraph (1)" is appealable.

*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644 (*Lakin*) explained at page 651, "Despite the inclusive language of Code of Civil Procedure section 904.1, subdivision (b), not every postjudgment order that follows a final appealable judgment is

---

obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.  When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.  [¶]  (b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.  [¶]  (c) Nothing in this section shall prohibit parties from stipulating to alternative procedures for awarding costs in the litigation pursuant to rules adopted under Section 1034."

appealable.  To be appealable, a postjudgment order must satisfy two additional requirements." (Fn. omitted.)  One requirement "is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment." (*Lakin*, *supra*, at p. 651.)  The other requirement is the postjudgment order must "affect the judgment or relate to its enforcement." (*Id.* at p. 654.)  The court explained that an "order denying attorney fees is not preliminary to future proceedings and will not become subject to appeal after a future judgment.  Rather, it resembles the orders we have held appealable.  It affects the judgment or relates to its enforcement in that it finally determines the rights of the parties arising from the judgment." (*Ibid.*)  In finding the order before it appealable, *Lakins* found support in cases that had "expressly or impliedly held appealable similar postjudgment orders concerning costs, interest, and attorney fees," including *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35 (*Praszker*).  (*Lakins*, *supra*, at p. 654.)  The court in *Praszker* flatly stated, "A postjudgment order which awards or denies costs or attorney's fees is separately appealable." (*Praszker*, *supra*, at p. 46.)

In *Nguyen*, *supra*, at page 436, this court stated, "Under the 'one final judgment' rule, an order or judgment that fails to dispose of all claims between the litigants is not appealable under Code of Civil Procedure section 904.1, subdivision (a).  '[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as "separate and independent" from those remaining.' (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 … .)"

We requested supplemental briefing discussing the applicability of the final judgment rule and the decision in *City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595 (*Rikuo Corp.*).  *Rikuo Corp.* discussed the requirement that a final judgment must completely dispose of the matter in controversy.  The judgment in that case appeared to

8

do so, as "the consent judgment expressly provide[d] that it was intended to resolve all of the issues in controversy between the parties, including the manner in which disputes over the cost of remediation would be resolved." (*Id.* at p. 603.) In settling an eminent domain case, the parties agreed that the trial court retained jurisdiction to apportion expenses of remediating contaminated property. (*Id* at pp. 598–599.) The property owner later filed an appeal from a partial determination of expenses. The appellate court determined that the order was not appealable as a postjudgment order. A postjudgment order is appealable when it follows a judgment made appealable under section 904.1, subdivision (a)(1). (*Id.* at p. 601.) However, the judgment was a consent judgment that was not appealable. (*Id.* at pp. 600-601.)

The appellate court concluded, alternatively, that even if the judgment was appealable because it left open an unsettled issue of remediation expenses for the court to determine, then the challenged order was not appealable because the judgment was not yet final. "[E]ven after entry of those orders, there were issues remaining between the parties concerning further costs of remediation and the entitlement to the remainder of the deposit." (*Id.* at p. 602.)

Employer argues that Employee seeks recognition as prevailing on her contract claims, which were resolved by settlement. Because Employee consented to dismiss these two causes of action, "no appeal lies from a costs award based on a nonappealable consent judgment." Employer contends that in settling her contract claims, Employee "settled all issues, including costs issues, concerning those claims."

Employee points out that *Rikuo Corp.* was distinguished by *Ruiz v. California State Automobile Association Inter-Insurance Bureau* (2013) 222 Cal.App.4th 596 (*Ruiz*) because the settlement agreement in *Ruiz* did not dispose of all issues, but "expressly left open the amounts of the attorney fees and incentive payment, and provided that those amounts would be set by the trial court, up to a specified maximum." (*Id.* at p. 606.) *Ruiz* concluded that *Rikuo Corp.* was distinguishable "where the Agreement expressly

9

contemplated further court proceedings and a separate ruling on the attorney fee and incentive payment issues … ." (*Ibid.*)

We conclude that our situation is like *Ruiz* and not *Rikuo Corp.* Employee agreed to dismiss her remaining two contract claims in exchange for a settlement payment in order to facilitate an appeal of the court's rulings on her remaining claims. The settlement did not dispose of all of Employee's claims. The settlement further contemplated presentation of claims for costs and fees to the trial court upon conclusion of the earlier appeal. We properly treated the original judgment as appealable and the later order on competing costs claims is also appealable.

## V. ANALYSIS

When a costs award or the amount of costs is not mandatory but discretionary, the award is reviewed for an abuse of discretion. However, whether the undisputed facts mandate a costs award is a question of law for de novo review. (*Goodman*, *supra*, 47 Cal.4th 1327, 1332; *Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 176.)

As both sides claim entitlement to mandatory costs, we first consider whether the facts of the case fit squarely into any of the statutory definitions of "prevailing party."

### A. EMPLOYEE'S ENTITLEMENT TO MANDATORY COSTS

Employee argues on appeal that she is due mandatory costs because Employer's settlement payment of $23,500 qualifies as a "net monetary recovery."

#### 1. DOES A PARTY PREVAIL WHEN AN ACTION IS SETTLED?

Nothing in section 1032 indicates that there can be no prevailing party when an action has been dismissed or a judgment entered based on full or partial settlement. Section 1032 has no provision like that in Civil Code section 1717, subdivision (b)(2), concerning an award of attorney fees provided for by contract: "Where an action has

10

been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."[5]

Under the pre-1986 version of section 1032, case law established that a settling party could be awarded costs even if the settlement agreement is silent as to costs. The leading case is *Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256 (*Rappenecker*), which concluded that plaintiffs could be awarded costs after obtaining compromise judgments under section 998.[6] The appellate court reasoned that a compromise judgment still qualified as a judgment under former section 1032. (*Rappenecker*, *supra*, at pp. 263-264.)

In *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668 (*Folsom*), the central question was whether a settlement agreement operated "as a merger and bar of all preexisting claims, depriving the trial court of jurisdiction to award costs and statutory attorney fees. (Code Civ. Proc., §§ 1032, 1021.5.)" (*Folsom*, *supra*, at p. 671; fn.

---

[5] Subdivision (b)(2), added to Civil Code section 1717 in 1981 (Stats. 1981, ch. 888, § 1, p. 3399; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 614), "codified the holding of *International Industries, Inc. v. Olen* [(1978)] 21 Cal.3d 218 [*Olen*]." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 873.) *Olen*, *supra*, 21 Cal.3d 218 rejected "any rule that permits a defendant to automatically recover fees when the plaintiff has voluntarily dismissed before trial" because there can be diverse reasons for a dismissal. (*Id.* at p. 224.) "Although a plaintiff may voluntarily dismiss before trial because he learns that his action is without merit, obviously other reasons may exist causing him to terminate the action. For example, the defendant may grant plaintiff – short of trial – all or substantially all relief sought, or the plaintiff may learn the defendant is insolvent, rendering any judgment hollow … . Moreover, permitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees." (*Ibid.*)

[6] The Legislature has made special provisions in section 998 to encourage settlement by restricting costs recovery when an offer of compromise is unreasonably rejected. Section 998 authorizes the making of a settlement offer by either side and provides consequences for the rejection of such an offer.

omitted.) Citing *Rappenecker*, *Folsom* stated that "costs are allowed, absent the parties' express agreement to the contrary, following entry of a consent decree." (*Id.* at p. 677.) "Therefore, absent affirmative agreement of the parties to the contrary, the trial court retains jurisdiction after the filing of a compromise agreement to entertain a cost bill." (*Id.* at p. 679.)[7]

While these cases establish that costs can be awarded after a settlement that is silent about costs, nothing in these cases discusses whether such costs are mandatory or discretionary. Cases after the 1986 revision of section 1032 do not resolve whether a settlement payment qualifies as a "net monetary recovery" for purposes of a mandatory award.

Section 1032, subdivision (c) authorizes parties to make their own agreements regarding the responsibility for costs. By negative implication, when there is no agreement on this topic, the other provisions of section 1032 for a costs award apply.

## 2. IS "NET MONETARY RECOVERY" LIMITED TO RECOVERY BY JUDGMENT?

The "net monetary recovery" definition of prevailing party was added in the 1986 revision of section 1032. "[F]ormer section 1032 provided that costs are allowed for either a plaintiff or a defendant 'upon a judgment in his favor' in various specified actions and, in other actions not specified, the trial court might award costs in its discretion. (Former § 1032, subds. (a)-(c), as amended by Stats. 1957, ch. 1172, § 1, p.

---

[7] In *Folsom*, *supra*, 32 Cal.3d 668, the settlement agreement did not require a payment from the defendants to the plaintiff. Instead, it required government agencies "to establish four transit systems." (*Id.* at p. 671.) *Folsom* did determine that a party could be regarded as "successful" and entitled to attorney fees under section 1021.5 (private attorney general theory) for enforcing an important public right by way of settlement. (*Id.* at pp. 681-687.) However, it is established that the test for a "'successful party'" under section 1021.5 differs from the definition of a "'prevailing party'" in section 1032. (*Ventas Finance I, LLC v. California Franchise Tax Bd.* (2008) 165 Cal.App.4th 1207, 1234.)

12

2464.)" (*Goodman*, *supra*, 47 Cal.4th 1327, 1335.)  Although the former statute did not expressly require a calculation of the net monetary recovery, case law has long required assessing the "net result of the judgment" when a plaintiff and a defendant have each recovered on claims against the other.

*Shelley v. Hart* (1931) 112 Cal.App. 231 (*Shelley*) was the leading case holding that the defendant was entitled to an award of costs when "[t]he net result of the judgment" was "favorable to the defendant." (*Id.* at p. 243.)  In *Shelley*, the plaintiff sued for breach of contract because a truck he purchased did not perform as promised, and the defendant cross-complained for nonpayment of the purchase price. (*Id.* at pp. 237-238.) The plaintiff was awarded $1,500, while the defendant was awarded $2,500, yielding a net of $1,000 to the defendant, who was awarded costs on that basis. (*Id.* at p. 243.)[8]

Does "net monetary recovery" include amounts received through settlement?  We have found no definitive authority, but we do find guidance in *Goodman*, *supra*, 47 Cal.4th 1327, which interpreted the 1986 amendment of section 1032 to determine the continued viability of this court's decision in *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963 (*Wakefield*), in which a plaintiff who obtained a trial award was regarded as prevailing, even though the trial award was effectively reduced to zero due to offsetting settlement payments from other defendants.  In *Goodman*, home buyers sued for construction defects and eventually obtained a trial award of $146,000 against the sellers, but a zero net judgment due to $230,000 settlements received from the home builder and

---

[8] The net result of the judgment test was extended to where neither side prevailed at trial in *Gerstein v. Smirl* (1945) 70 Cal.App.2d 238, 240-241, and that opinion was quoted with approval by *Schrader v. Neville* (1949) 34 Cal.2d 112, 115.  *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450 reviewed the legislative history of the 1986 revision of section 1032 and found no legislative intent to overturn *Schrader* or to change existing law. (*Vasquez*, *supra*, at p. 1455.)

13

other defendants being credited against the trial award. The trial court concluded that the home sellers were prevailing parties entitled to fees and costs. (*Goodman*, *supra*, at p. 1331.) The Court of Appeal agreed, as did the Supreme Court.

In expressly disapproving of the majority opinion in *Wakefield*, the high court reasoned: "'The common meaning of the word "net" is "free from all charges or deductions" or "to get possession of: GAIN [*sic*]." (Merriam-Webster's Collegiate Dict. (10th ed. 1993) p. 780 (*Webster's*).) The word "monetary" obviously means "relating to money." (*Webster's,* at p. 750.) The word "recover" means "to gain by legal process" or "to obtain a final legal judgment in one's favor." (*Webster's,* at p. 977.) Thus the common meaning of the phrase "the party with a net monetary recovery" is the party who gains money that is "free from . . . *all* deductions." [¶] A plaintiff who obtains a verdict against a defendant that is offset to zero by settlements with other defendants does not gain any money free from deductions. Such a plaintiff *gains nothing* because the deductions reduce the verdict to zero.' (*Wakefield*, *supra*, 145 Cal.App.4th 963, 992 (dis. opn. of Mihara, J.).)" (*Goodman*, *supra*, 47 Cal.4th 1327, 1333-1334.)

The court noted that this interpretation is consistent with section 877. "Under section 877, subdivision (a), a plaintiff's settlement with a defendant serves to 'reduce the *claims* against' the remaining codefendants. (§ 877, subd. (a), italics added; [citation].) … Thus, any reduction for prior settlements is made *before* the entry of judgment. [Citation.] … Accordingly, when a plaintiff's prior settlement is more than the award received at trial, the plaintiff ultimately recovers nothing. [Citation.] In other words, the net recovery is zero." (*Goodman*, *supra*, 47 Cal.4th at pp. 1334-1335; fn. omitted.)

*Goodman* considered the legislative history of the 1986 revision and reasoned that the replacement of the phrase "judgment in his favor" with "the party with a net monetary recovery" was intended to reject the results of *Ferraro v. Southern Cal. Gas Co.* (1980)

102 Cal.App.3d 33 (*Ferraro*) and *Syverson v. Heitmann* (1985) 171 Cal.App.3d 106 (*Syverson*).[9]  (*Goodman*, *supra*, 47 Cal.4th 1327, 1335-1337.)  *Goodman* pointed out that the history "did not refer to the definition of a 'prevailing party.'  The legislative history reveals instead that at the time current section 1032 was reenacted, the 'existing statutes d[id] not fully explain the concept of the "prevailing party,"' and that a 'comprehensive definition' was necessary to 'further eliminate confusion.'  (Rep. on Sen. Bill No. 654, *supra,* at pp. 1, 3.)"  (*Goodman*, *supra*, 47 Cal.4th at p. 1336.)  "[W]hile section 1032's legislative history does not specifically address the precise question before us, it is nonetheless consistent with the conclusion that the meaning of 'net monetary recovery' (§ 1032(a)(4)) is not controlled by those cases construing the prior version of section 1032." (*Id.* at p. 1337; fn. omitted.)

The conclusion of *Goodman* was that the plaintiff was not entitled to costs as a matter of right, not that an award of costs to the plaintiff was precluded by the statute. "Our holding today is simply that a plaintiff whose damage award is offset to zero by a prior settlement does not *categorically* qualify as a prevailing party ('the party with a net monetary recovery') as a matter of law." (*Goodman*, *supra*, 47 Cal.4th 1327, 1338, fn.

_____

[9]  *Ferraro* had held that a plaintiff may obtain a favorable judgment against a nonsettling defendant for costs purposes even though the final judgment is reduced to zero by virtue of offsetting payments by settling defendants.  In that case, a judgment of zero dollars in damages was entered following a jury verdict of $91,081.12 in the plaintiffs' favor due to deductions for previous settlements.  (*Ferraro*, *supra*, 102 Cal.App.3d at p. 37.)  As against the nonsettling defendant, the plaintiffs "certainly were the prevailing party in the lawsuit and the fact that the Gas Company did not have to actually pay them any damages was due not to any deficiency in their case, but due to circumstances not directly stemming from the issues regarding liability as litigated between the parties." (*Id.* at p. 52.)

*Ferraro* was followed by *Syverson*, in which the court agreed with the plaintiff "that, while he will not recover damages from defendant, he received a favorable verdict with respect to liability, entitling him to costs." (*Syverson*, *supra*, 171 Cal.App.3d at p. 112.)

15

4.)  *Goodman* treated a settlement payment as an offset against a monetary recovery in a judgment, but did not discuss whether the payment itself qualified the plaintiff as a prevailing party against the settling defendants.

Our facts present legal issues not discussed in *Goodman*, but its analysis of the phrase "net monetary recovery" is nevertheless helpful.  The court's interpretation is broad enough to include obtaining an amount of money either by a favorable judgment or otherwise by legal process.

At oral argument, Employer disputed that a settlement payment is a recovery by legal process.  In the circumstances of this case, when the parties agreed on the day of trial to settle two causes of action and stipulated to settlement "orally before the court" (§ 664.6),[10] we regard the settlement as accomplished through legal process.  We need not speculate about settlements in dissimilar circumstances.

### 3.  THE SETTLEMENT PAYMENT HERE QUALIFIES AS A NET MONETARY RECOVERY

In this case, Employer's settlement payment may be regarded as Employee's net monetary recovery, while Employer argues that it is due mandatory costs for obtaining a partial dismissal in its favor in exchange for its payment and later a judgment denying Employee any relief on the remaining causes of action.  We agree with the Second District Court of Appeal in *Chinn*, *supra*, 166 Cal.App.4th 175 that the Legislature can not have intended to identify both parties as prevailing and due *mandatory* costs, as this would lead to an unreasonable, if not absurd, result.  (*Id.* at p. 188.)  Two issues were

---

[10]  Section 664.6 provides:  "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.  If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

16

presented on appeal in *Chinn* after a tenant had dismissed with prejudice her tort claims against the property manager and property owner of her apartment complex in exchange for their settlement payment to her of $23,500.[11] (*Id.* at p. 181.) One was whether the trial court erred in denying the tenant attorney fees as the prevailing party under her lease. The appellate court reversed and remanded for a determination "whether there is a prevailing party for the purpose of an award of attorney fees based on a pragmatic assessment of the extent to which [the plaintiff and defendant] realized their objectives through the settlement." (*Id.* at p. 193.)

The other issue in *Chinn*, *supra*, 166 Cal.App.4th 175 was whether the trial court erred in not awarding the tenant enough costs as the prevailing party. The appellate court concluded that the defendants were actually the prevailing parties under section 1032 and due a mandatory costs award. After observing the absurdity of awarding mandatory costs to both sides, the court reasoned that it was not a situation other than as specified. "We recognize that 'in situations other than specified,' the trial court has discretion to award costs under section 1032. However, a net monetary recovery and a dismissal in the defendant's favor are not situations other than specified; they are both specified situations. If the Legislature had intended more than one party to qualify as a prevailing party under the mandatory cost award provision, it easily could have provided for the trial court to exercise discretion to award costs in the event that more than one party qualified as a prevailing party." (*Chinn, supra*, at p. 189.)[12]

---

[11] The settlement in *Chinn* was coincidentally the same amount as in our case.

[12] In reaching this conclusion, *Chinn*, *supra*, 166 Cal.App.4th at page 189 disagreed with dictum in *On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079 (*Mazur*). In a case that was remanded for other reasons, *Mazur* directed the trial court to exercise its discretion to determine the prevailing party when "both parties achieved" prevailing party status under section 1032, thus arguably falling "into the 'situation other than as specified' category … ." (*Id.* at p. 1087.)

17

*Chinn*, *supra*, 166 Cal.App.4th 175 resolved the conflict by "[c]onstruing the term 'net monetary recovery' in context," concluding that "the Legislature did not intend to include settlement proceeds received by the plaintiff in exchange for a dismissal in favor of the defendant. The definition of prevailing party provided in section 1032 requires the court to award costs as a matter of right in specified situations. By precluding consideration of settlement proceeds as a 'net monetary recovery' when a dismissal is entered in favor of the defendant, only one party qualifies for a mandatory award of costs, consistent with the prior law." (*Id.* at p. 188.) The court concluded that the property owner and management company, "as defendants with a dismissal entered in their favor, were the prevailing parties for the purposes of an award of costs as a matter of right under section 1032." (*Id.* at p. 190.)

As indicated, *Chinn* described its interpretation of the current version of section 1032 as a continuation of law existing under the earlier version of the statute. The court stated, "The legislative history of Senate Bill No. 654 (1985-1986 Reg. Session) does not indicate any change in the law to consider settlement proceeds or provide costs to a plaintiff after a dismissal." (*Chinn*, *supra*, 166 Cal.App.4th 175, 189.) After reviewing some of the legislative history, the court reiterated, "Nothing in the background materials accompanying the proposed amendment mentioned settlement proceeds or suggested the definition of 'prevailing party' in section 1032 would change existing law to permit an award of costs to a plaintiff following a dismissal." (*Id.* at p. 190.)

When presented with a situation similar to our case, *Chinn* reconciled the competing claims by simply deeming settlement proceeds disqualified as a net monetary recovery where a dismissal was also involved. While we agree that the Legislature did not intend to identify opposing parties as both due mandatory costs, we cannot subscribe to *Chinn*'s other reasoning.

Employer relies on *Chinn* as requiring the trial court to discount the amount Employee received from Employer by way of settlement. Employer contends, like the

defendants in *Chinn*, it obtained a favorable dismissal. As we will explain, however, the partial dismissal in this case does not establish Employer as a prevailing party. Our case is factually distinguishable from *Chinn*. But more fundamentally, we disagree with *Chinn*'s view that a settlement payment can never qualify as a net monetary recovery under section 1032, subdivision (a)(4) when an action is dismissed. Contrary to Employer's argument, nothing in section 1032 requires a trial court to disregard a settlement payment as a "net monetary recovery."

*Chinn* implied that prior law precluded a plaintiff's recovery of costs following a dismissal. This position overlooked the holding of *Rappenecker*, which upheld costs awards to plaintiffs based on their recovery of settlement payments pursuant to compromise judgments. We note, however, that *Chinn* did rely on *Rappenecker* among other cases in reversing a denial of attorney fees to the plaintiff, concluding that the plaintiff might be deemed a prevailing party for purposes of attorney fees. (*Chinn*, *supra*, at pp. 184-185.)

Two years after *Chinn*, *Goodman* observed that, while there is no clear indication of the legislative intent regarding settlement payments, use of the phrase "net monetary recovery" did reflect an intent to change the law regarding the impact of settlement payments on a plaintiff's net monetary recovery from a nonsetttling defendant. While *Goodman* did not mention *Chinn*, we believe it implicitly rejected *Chinn*'s narrow construction of "net monetary recovery" as not including settlement payments.

When costs are sought under section 1032, subdivision (a)(4), a trial court must determine whether one and only one party fits a statutory definition of prevailing party. From Employee's perspective, though one of her seven causes of action succumbed to a partial summary judgment and four more causes of action were eliminated by motions in limine, she was ultimately paid $23,500 to dismiss her remaining two causes of action on the eve of trial. Although Employer obtained a dismissal for its payment, except for the unpersuasive reasoning of *Chinn*, we see no reason why this settlement payment does not

19

fall within *Goodman*'s interpretation of "net monetary recovery." Accordingly, the trial court should have recognized Employee as entitled to mandatory costs under the statutory definition of "prevailing party."

## B. EMPLOYER'S ENTITLEMENT TO MANDATORY COSTS

### 1. DID EMPLOYER OBTAIN A FAVORABLE DISMISSAL?

Employer has insisted in briefing and oral argument that it is due mandatory costs as "a defendant in whose favor a dismissal is entered" (subd. (a)(4)) and that the dispositions in this case are tantamount to a dismissal.

Our review of the record discloses that the trial court never entered a judgment expressly dismissing the action. Employee did file a dismissal with prejudice of the two remaining causes of action after the trial court eliminated her other five causes of action in two stages.[13] On August 1, 2008, the trial court summarily adjudicated the failure to accommodate cause of action and denied summary adjudication of the remaining causes of action. That ruling did not purport to dismiss that cause of action. On September 2, 2008, the trial court granted motions in limine precluding evidence and argument

---

[13] Voluntary dismissals are authorized by section 581 in the following situations.

"(b) An action may be dismissed in any of the following instances:

"(1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any.

"(2) With or without prejudice, by any party upon the written consent of all other parties.

"… [¶]

"(c) A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."

concerning various claims, but the order sustaining the motions in limine did not purport to dismiss the other four causes of action.[14]

Section 581 lists a number of situations authorizing involuntary dismissal of an action or cause of action, not including summary adjudication or a successful in limine motion.[15] In response to our request for supplemental briefing, Employer accurately

[14] The granting of the motions in limine was tantamount to a summary adjudication on the four causes of action for retaliation, intentional and negligent infliction of emotional distress, and wrongful termination. (Cf. *R & B Auto Center, Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 350.) This court has previously cautioned against using in limine motions as a substitute for other dispositive motions described in the Code of Civil Procedure. (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1593.) As noted in our prior opinion, Employee has not made an issue of the procedure employed in this case. (*DeSaulles v. Community Hospital of the Monterey Peninsula*, *supra*, p. 75, fn. 29.)

[15] Section 581 provides for involuntary dismissals by the court in a number of situations. The complaint may be dismissed when a demurrer is sustained without leave to amend (§ 581, subd. (f)(1)), a complaint is not amended within the time allowed after demurrer was sustained with leave to amend (§ 581, subd. (f)(2)), or a motion to strike the entire complaint is granted (§ 581, subds. (f)(3), (4)).

The complaint may be dismissed entirely or as to a defendant when the forum is inconvenient (§§ 581, subd. (h), 418.10, subd. (a)(2)), the plaintiff has not advanced the litigation within the time periods required by Chapter 1.5 (beginning with section 583.110) (§ 581, subd. (g)), or a party fails to appear for trial (§ 581, subd. (*l*)).

Alternatively, the " 'action' " may be dismissed when the plaintiff has not advanced the litigation within the time periods required by Chapter 1.5 (beginning with section 583.110) (§ 581, subd. (b)(4)) or any party fails to appear for trial (§ 581, subds (b)(3), (5)).

Dismissal is mandatory in two cases. "(d) Except as otherwise provided in subdivision (e), the court shall dismiss the complaint, or any cause of action asserted in it, in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it.

"(e) After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause."

21

points out that section 581 is not exclusive. A trial court's "limited, inherent discretionary power" to dismiss civil claims with prejudice is recognized in case law (see *Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915, and cases there cited) and in section 581, subdivision (m): "The provisions of this section shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant." (Stats. 1993, ch. 456, § 9, p. 2529.) We find nothing in the record reflecting that the trial court exercised its inherent authority to dismiss this action. A ruling should not be regarded as a dismissal unless it reflects an explicit or implicit intent to dismiss an action or cause of action.

Employer argues that the failure to label a judgment a dismissal is not determinative, relying on *Schisler v. Mitchell* (1959) 174 Cal.App.2d 27, which held that a judgment ordering the plaintiff to take nothing was appealable although the trial court did not order a dismissal after sustaining a demurrer without leave to amend. (*Id.* at p. 29.)

Here, a judgment was eventually entered providing that Employee "recover nothing" from Employer. That judgment recited the earlier dispositions of the various causes of action, beginning with the summary adjudication, then the sustaining of motions in limine, and finally "[t]he parties having settled plaintiff's third cause of action for breach of implied in fact contract and fourth cause[] of action for breach of the covenant of good faith and fair dealing … ." The judgment did not mention Employee's dismissal with prejudice or the settlement payment and reflects no intent to dismiss any causes of action. Indeed, it appears intended to facilitate appellate review of the earlier rulings, as it deferred requests for costs and fees until after the time for all appeals.

Section 581d states in pertinent part: "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered. [¶] All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be

22

effective for all purposes … ." This statute may be only applicable to dismissals specifically authorized by section 581 (*Lavine v. Jessup* (1957) 48 Cal.2d 611, 615-616) (*Lavine*), but it suggests that the proper form of a dismissal is to order dismissal. (*Boonyarit v. Payless Shoesource, Inc.* (2006) 145 Cal.App.4th 1188, 1192-1193 (*Boonyarit*).)[16] Employer contends that the dismissal in this case was pursuant to the trial court's inherent authority and not pursuant to a particular provision in section 581.

While Employee dismissed two causes of action in exchange for a settlement payment, the trial court itself did not dismiss any causes of action. It makes sense to mandate costs under subdivision (a)(4) only when a dismissal ends the action against a defendant and not when a voluntary dismissal leaves the plaintiff with pending claims against that defendant. Under the pre-1986 version of section 1032, courts had determined that a plaintiff who obtained a favorable judgment was entitled to costs, even if some of the plaintiff's claims failed at trial or were withdrawn. (*Sierra Water & Mining Co. v. Wolff* (1904) 144 Cal. 430, 433-434 [plaintiffs recovered only part of land sought]; *Western Concrete Structures Co. v. James I. Barnes Const. Co.* (1962) 206 Cal.App.2d 1, 11 [judgment favored plaintiff though defendant defeated some causes of action].) *Fox v. Hale & Norcross Silver-Mining. Co.* (1898) 122 Cal. 219 (*Fox*) stated that "[t]he prevailing party is entitled to costs incurred by him[,] whether his recovery be for the whole or a portion of his claim, or whether his claim be made up of one or several

---

**16** *Boonyarit*, *supra*, 145 Cal.App.4th 1188 involved an ineffective request by the plaintiff to dismiss six of 16 defendants in connection with filing an amended complaint. Because the plaintiff improperly completed the dismissal form, it was rejected by the court clerk. (*Id.* at p. 1190-1191.) Section 581, subdivision (c), authorizes a plaintiff to request dismissal of defendants prior to the commencement of trial. The court relied on section 581d for guidance as to the form of such a voluntary dismissal (*Boonyarit*, *supra*, at p. 1192) without indicating that in cases not covered by section 581, section 581d is inapplicable. (*Lavine*, *supra*, 48 Cal.2d 611, 616.)

23

causes of action." (*Id.* at p. 223.)[17] At oral argument, Employer conceded that subdivision (a)(4) does not mandate costs in the case of a partial dismissal when the plaintiff retains live claims.

The summary adjudication did not end the action in Employer's favor. The sustaining of in limine motions did not end the action in Employer's favor, as two causes of action remained for trial. The case ended without a trial on the merits because Employee agreed to dismiss her remaining two causes of action, but the judgment entered did not purport to dismiss the entire action. The judgment was intended by its terms to preserve Employee's right to appeal the court's rulings on her other claims. Employee did indeed appeal in an ultimately unsuccessful attempt to resurrect those causes of action.

Employee voluntarily dismissed two causes of action and a judgment was entered on the remaining causes. Employer obtained at most a partial voluntary dismissal, which we conclude did not, without more, trigger a mandatory costs award to Employer. In

---

**17** We have not found authority under the former statute awarding costs to a plaintiff who recovered damages at trial after the voluntary or involuntary dismissal of a cause of action, but *Fox* comes very close. That plaintiff initially obtained a judgment awarding $210,197.50 on a claim of overpaying the actual costs of milling ores and an additional $789,618.00 on a claim of fraudulent milling. (*Fox*, *supra*, 122 Cal. at p. 220.) An appeal resulted in a reversal of the award on the fraud claim and a retrial of that cause of action, after which the plaintiff was awarded $417,683.00 on the second cause of action. (*Id.* at p. 221.) A second appeal was taken, and after a hearing was held, the plaintiff filed a release of all claims on the second cause of action and asked the California Supreme Court to affirm the judgment on the first cause of action. (*Ibid.*) The high court sustained the release, ordered the judgment modified, and rejected the defendants' contention that they were the prevailing parties on the withdrawn cause of action in view of the rule that the plaintiff's partial recovery made it the prevailing party. (*Id.* at p. 223.) *Fox* did not involve a dismissal of a cause of action in the trial court, but the plaintiff's release of one cause of action was like a dismissal.

24

contrast, the defendants in *Chinn*, *supra*, 166 Cal.App.4th 175 obtained a *complete* dismissal of the plaintiff's *action* in exchange for their settlement payment.

## 2. DID EMPLOYEE RECOVER NO RELIEF AGAINST EMPLOYER?

The amended judgment provides that "Plaintiff recover nothing from defendant." At least superficially this fits the category of "a defendant as against those plaintiffs who do not recover any relief against that defendant," and Employer so argues in its response to our request for supplemental briefing.

We observe that section 1032 distinguishes among different forms of relief. A "net monetary recovery" is one form of relief mandating costs, but the statute also contemplates nonmonetary relief. One issue in *Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810 (*Blasius*) was whether the plaintiffs had recovered any type of relief. They had "sought to quiet title to a public easement for recreational purposes" and "also sought injunctive and declaratory relief." (*Id.* at p. 819.) The defendants were property owners and an irrigation district, which used a road easement over the property to maintain a ditch. (*Id.* at p. 818.) The plaintiffs obtained a declaration by the trial court that a public easement had been created (*id.* at pp. 819-820), but the judgment also stated, " 'No relief is granted in favor of plaintiffs against [the irrigation district].' " (*Id.* at p. 820.) Nevertheless, the trial court awarded costs to the plaintiffs against the irrigation district. (*Ibid.*)

On appeal the irrigation district contended that it was the prevailing party under section 1032, subdivision (a)(4), based on the judgment provision denying plaintiffs relief. (*Blasius*, *supra*, 78 Cal.App.4th 810, 839.) The appellate court rejected the argument, stating "the meaning of that recital is that the court was rejecting the [plaintiffs'] request for affirmative relief against [the irrigation district], i.e., reiterating the [irrigation district] easement or granting injunctive relief. Notwithstanding the recital, in the circumstances of this case, the court could find that relief had been granted

25

in favor of [the plaintiffs] against [the irrigation district] on the quiet title claim. (See Code Civ. Proc., § 761.030, subd. (b) ['If the defendant disclaims in the answer any claim, or suffers judgment to be taken without answer, the plaintiff shall not recover costs']; see generally *Hsu v. Abbara* (1995) 9 Cal.4th 863, 877 ['We agree that *in determining litigation success*, courts should respect substance rather than form, and to this extent should be guided by "equitable considerations." For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party [under Civ. Code, § 1717] if it is clear that the party has otherwise achieved its main litigation objective.' (Original italics.).].) [¶] We conclude that the trial court did not err in determining that this was a case where [plaintiffs] recovered 'other than monetary relief' as to [the irrigation district] and in awarding costs against [the irrigation district]." (*Blasius*, *supra*, 78 Cal.App.4th 810, 839.)

Employer, like the irrigation district in *Blasius*, contends it is due mandatory costs based on the judgment provision that Employee shall "recover nothing." *Blasius* illustrates that a costs award should be based on all aspects of a lawsuit's final disposition rather than on an isolated phrase in the judgment. The judgment in this case provided that Employee shall recover nothing and also recited that the parties had settled two of the seven causes of action. But the judgment failed to mentioned that Employee was paid $23,500 in exchange for dismissing those causes of action. This was not a case where Employee recovered no relief. Employer does not qualify under this definition of prevailing party.

If Employer had qualified as a "prevailing party," this case could be among the "situations other than as specified" for purposes of awarding mandatory costs. (§ 1032, subd. (a)(4).) However, because we conclude that Employer was not a prevailing party under the statute, the case did not present the trial court with occasion to exercise discretion to determine which party prevailed based on the merits of the case. When only one party fits a "prevailing party" definition, section 1032 operates mechanically to

26

mandate costs and does not afford the trial court discretion to decide the issue in light of the circumstances, such as by discounting a nuisance settlement. Of course, parties can avoid this mechanical approach by taking care to provide for costs in their settlements. But it is not for this court to rewrite the statute to provide for discretion where it does not now exist.

## VI. DISPOSITION

The order awarding costs to Employer and denying costs to Employee is reversed.

_____

Grover, J.


**WE CONCUR:**


_____

Rushing, P.J.


_____

Márquez, J.


*deSaulles v Community Hospital of the Monterey Peninsula*
**H038184**

27

| Trial Court: | Monterey County Superior Court<br>Superior Court No. M85528 |
| --- | --- |
| Trial Judge: | Hon. Lydia Villarreal |
| Counsel for Plaintiff/Appellant: | Henry Joachim Josefsberg |
| Counsel for Defendant/Respondent: | Christopher Edward Panetta<br>Fenton & Keller |