Filed 6/11/14  Pladott v. Garbell CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALEX PLADOTT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MARC GARBELL et al., <br><br> Defendants and Respondents. | B247876 <br><br> (Los Angeles County <br> Super. Ct. No. LC070878) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Frank Johnson, Judge.  Affirmed.

Alex Pladott, in pro per., for Plaintiff and Appellant.

Klinedinst, G. Dale Britton, Neil R. Gunny, Jose A. Mendoza; Law Department of Coldwell Banker Residential Brokerage Company, Michael B. Hull for Defendants and Respondents.

# INTRODUCTION

Plaintiff and appellant Alex Pladott (Pladott) appeals from the trial court's order denying his motion to strike a memorandum of costs (memorandum) filed by defendants and respondents Marc Garbell and Coldwell Banker Residential Brokerage Company (defendants). According to Pladott, the trial court should have stricken the memorandum because it was untimely and, in any event, filed under the wrong case number.

We disagree with Pladott's contentions on appeal. We therefore affirm the order denying his motion to strike the memorandum.

# PROCEDURAL BACKGROUND

On December 6, 2011, the trial court entered a judgment in favor of defendants. On December 15, 2011, defendants served on Pladott a notice of entry of that judgment. On January 3, 2012, defendants filed their memorandum, but mistakenly listed the case number as LC081576, instead of the correct case number, LC070878, which number was shown on the memorandum as the number of a related case. On January 24, 2012, defendants filed a notice of errata requesting the trial court to accept the memorandum as having been filed in case LC070878. On February 6, 2012, Pladott filed a motion to strike the memorandum because it was filed under the wrong case number and late. On January 24, 2013, the trial court denied the motion to strike the memorandum, noting the errata filed by defendants and finding that the memorandum was timely filed in case number LC070878.

**DISCUSSION**

### A. Timeliness

Based on a notice of entry of judgment filed and served by codefendant Laura Garbell on September 22, 2011, that related only to the judgment entered in her favor, Pladott argues that defendants' January 3, 2012, memorandum was untimely because it was filed more than 15 days from the service of that notice of entry. (Cal. Rules of Court, rule 3.1700(a)(1) [party has 15 days from service of notice of entry of judgment to file a memorandum of costs].) Based on the procedural background discussed above, Pladott's contention is not meritorious.

Defendants served the notice of entry of the judgment in their favor *by mail* on December 15, 2011, thereby extending the 15 day time period specified in California Rules of Court, rule 3.1700(a)(1) by five days pursuant to Code of Civil Procedure section 1013, subdivision (a). (*Nevis Homes LLC v. CW Roofing, Inc.* (2013) 216 Cal.App.4th 353, 356.) Defendants therefore had through and including January 4, 2012, to file their memorandum. Because they filed the memorandum on January 3, 2012, it was timely.

### B. Wrong Case Number

As he did in the trial court, Pladott argues that the memorandum should have been stricken because it was filed under the wrong case number. That error, however, did not render the memorandum ineffective.

Although defendants initially filed their memorandum under the wrong case number, they filed an errata correcting that error *prior* to the filing of and hearing on Pladott's motion to strike; and the trial court accepted that errata, finding that the memorandum was timely filed. The trial court's finding was reasonable and well within its discretion because, inter alia, there is no indication the memorandum was misfiled or that Pladott suffered any prejudice based on the minor clerical error. (See *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 362 [notice of appeal valid even though listed

wrong trial court case number]; cf. *Sacramento Brewing Co. v. Desmond* (1999) 75 Cal.App.4th 1082, 1090.)  Despite the minor clerical error, Pladott was afforded a full and fair hearing on the merits of his motion to strike.

## DISPOSITION

The order denying the motion to strike the memorandum is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

4